THOMAS NORWOOD *v.* D. M. KENFIELD.

POWER OF JUDGE AT CHAMBERS—CONTINUANCE.—There is no power conferred on a County Judge, at chambers, to grant a continuance of a cause to determine an election contest, which was pending and set down for trial at a future day in the County Court.

JURISDICTION—TERM OF COURT.—The trial of a cause, to determine an election contest, had been set for November 20th, 1866, in the County Court of Tuolumne County, for which day a special term of said Court, to try said cause, had been regularly called. Before said day, on motion of plaintiff, founded on affidavit, and on notice to the respondent, the Judge of said Court, at chambers, granted an order continuing said trial to December 3d, 1866—said respondent objecting and excepting thereto. Said last named day was not embraced in a regular term of said Court, nor had any special term been called for said last named date. On the said 20th of November, said Court was not called. On said 3d day of December, the County Judge called said Court, and assuming to hold said Court, both parties appearing, tried and rendered judgment in said cause : *held*, that on said 3d of December there was no legal term of said Conrt, and said trial and judgment were null and void.

IDEM.—It is absolutely essential to the validity of a judgment that it be rendered by a Court of competent jurisdiction, at the time and the place and in the form prescribed by law. The tribunal before which the trial was had, was in no legal sense a Court, nor could any consent of parties to the trial confer jurisdiction.

42

APPEAL from the County Court of Tuolumne County.

This was an election contest case, instituted in the County Court to determine the title to the office of County Treasurer of Tuolumne County. Plaintiff had judgment, and defendant appealed.

The other facts are stated in the opinion of the Court.

*W. L. Dudley*, for Appellant.

There was no Court in session on the 3d day of December, when the trial took place, and the judgment appealed from is void for want of jurisdiction to render it. It is a well settled principle of law that it is absolutely essential to the validity of a judgment that it be rendered by a Court of competent jurisdiction *at the time* and place prescribed by law. If not so rendered it is a nullity. (*Wicks* v. *Ludwig*, 9 Cal. 173; *Doss* v. *Waggoner*, 3 Texas, 515; *Gormond* v. *The People*, 1 Hill, 343.)

*H. P. Barber*, for Respondent.

The County Court had, by statute, jurisdiction of the subject matter of the action. The appellant, in person, came and submitted himself to the jurisdiction of the Court convened on the 3d day of December, 1866, where also the respective parties and their attorneys appeared, and the trial of the cause was proceeded with. The appellant, after, by his appearance in that Court, submitting his person to its jurisdiction, introducing and examining witnesses, taking exceptions to rulings and evidence, and conducting himself in all respects as a suitor, from the commencement of the trial to its close, can hardly be heard now to urge any objection, real or supposed, to the holding of the Court. If he had not deemed it a duly authorized Court, he should have kept away and not regarded its proceedings. By thus acting, he waived any objection to its authority. From the opening of Court to its close he interposed no objection

whatever to the proceedings for want of jurisdiction. He can hardly be allowed now, after joining in the entire trial and raising no objection whatsoever in said Court to its proceedings, to contend that they were null and void. (*Friar* v. *State*, 3 How., Miss., 422; *Harrison* v. *Rowan*, Pet. C. C. R. 489; *Tracey* v. *Pendleton*, 23 Penn. St. R. 171; *Hobart* v. *Frost*, 5 Duer, 672; *Warren* v. *Glynn*, 37 N. H. 340; *Vandall* v. *Vandall*, 13 Iowa, 247.)

By the Court, Sawyer, J.:

This case has been here before. (30 Cal. 394.) When it went back for a new trial, the County Judge, on the 7th of November, 1866, made an order for a special term, to be held on the 20th of the same month, for the purpose of hearing and determining the contest, and directed the Clerk to issue a citation to Kenfield, the respondent below. On the 8th of November, after the citation had been served, on affidavit, showing that it would be inconvenient to try the case on the 20th, and on *ex parte* application of plaintiff, the County Judge, at chambers, issued an order to Kenfield to show cause before him at chambers on the 10th, why the trial of the foregoing case should not be set for Monday, the 26th day of November, 1866. At the time and place appointed in the order the respondent appeared, and for cause alleged that the County Judge had no authority at chambers to make the order; that it could only be made in open Court, and that a motion to continue the trial of a cause could not be heard before the commencement of the term. The Judge overruled the objection, and "ordered the case adjourned till Monday, December 3d, 1866; to which ruling and order of the Judge the defendant then and there excepted. On the 20th of November, 1866, the County Court was not opened, or this case called on that day. Nor were any proceedings had in the case after November 10th until December 3d, 1866." It is claimed that the Judge, at chambers, before the commencement of the term, had no

jurisdiction to adjourn the trial to a subsequent time; that the order was one which the Court only, and not the Judge, was authorized tó make. The authority of the Judge, as such, must be found, if it exists, in section thirty-eight of the Judiciary Act of 1863, (Laws 1863, p. 388,) or in the Act concerning elections, under which the contest is made. We find nothing in the latter Act conferring the authority. The Court "may also continue the said trial before its commencement." (Laws 1850, Sec. 63; Wood's Digest, 382.) That is to say, before the commencement of the trial. But no such authority is given to the Judge, as Judge, when not holding Court. Section thirty-eight of the former Act is very similar to section twenty-five, relating to District Courts. That section confers no such authority upon the Judge at chambers. (*Bond* v. *Pacheco*, 30 Cal. 532; *Larco* v. *Casaneuava*, 30 Cal. 560.)

But if the objection to the postponement of the trial was not well founded, or if waived by subsequent appearance, as claimed by the contestant, there is still an insuperable obstacle to sustaining the judgment. There was no Court at the time of the trial. There was no term in existence at which a trial could be had, and the whole proceeding was a nullity. The proceeding is special, and held in pursuance of the provisions of the Act to regulate. elections. The Act, as amended in 1855, requires the Judge to "order a special term of said Court, to be held at the Court House of the proper county, on some day to be named by him, not less than two nor more than twenty days from the date of such notice, to hear and determine such contested election." (Laws 1855, p. 161, Sec. 8; Wood's Digest, 381.) "Said Court shall meet at the time and place designated to determine such contested election," etc. (Laws 1850, p. 107, Sec. 62; Wood's Digest, 382.) As we have seen, an order was regularly made on the 7th of November, appointing a special term to be held on the 20th of the same month, and a citation duly issued requiring defendant to appear on that day The citation was also duly served. If it was competent for

the County Judge to vacate this order and appoint another special term, this was not done. There was no attempt to adjourn the term at chambers before the day appointed. The order of November 8th was to show cause " why the trial of the foregoing case should not be set for Monday, the 26th of November, 1866," and on the hearing the Judge at chambers " ordered the case adjourned till Monday, December 3d, 1866." But this is an entirely different thing from adjourning the term. On the 20th of November, the day, and the only day, appointed for the special term to be held, " the County Court was not opened or this case called." The term appointed by the order of the Judge, and of which notice was given, failed. The Court might have met pursuant to the order and adjourned to a subsequent day, if not beyond the time limited by section sixty-two. But this was not done, Court was not opened and no adjournment was had. The only mode by which another special term could be brought into existence, after the failure of the term before appointed, was by an order of the Judge appointing a special term, and the giving of notice in the mode prescribed by law. The appearance of the parties on the third of December and their proceeding to trial without objection at the time can make no difference. For consent cannot create a Court, or give jurisdiction to a tribunal otherwise possessing none. (*Germond* v. *The People*, 1 Hill, 343.) There was, then, no Court at the time when the trial was had. " It is absolutely essential to the validity of a judgment that it be rendered by a Court of competent jurisdiction, at the time and the place, and in the form prescribed by law." (*Wicks* v. *Ludwig*, 9 Cal. 175 ; *Smith* v. *Chichester*, 1 Cal. 409.) The tribunal before which the trial was had was, in no legal sense, a Court. It had no authority whatever in the premises. The whole proceeding is a nullity, and the new trial before ordered has not yet been had.

It is claimed by the contestant that the provisions of the statute referred to have reference to the first trial of the case after the contest is commenced, and has no application to a

case after an appeal has been taken, the judgment reversed, and a new trial ordered. If this be conceded, it will not aid the contestant, for in that view the County Judge had no semblance of authority in vacation to assume to be a Court, and try the case.

Having determined the proceeding to have been taken without authority, it would not be proper to consider the rulings in the course of the trial complained of, although several of them are doubtless erroneous.

The judgment entered in the records of the County Court from which the appeal is taken is vacated, and the cause remanded for further proceedings in accordance with the judgment rendered by this Court on the former appeal.