[No. 4,099.]

## ALBERT M. LOOMIS *v.* JOHN P. ANDREWS.

POWER OF DISTRICT JUDGE AT CHAMBERS.—In an application to condemn land for a public use, the District Judge, at Chambers, has no power to make an order authorizing the plaintiff to take possession of and use the property during the pendency of the proceedings, nor has he power to make an order staying all actions against the plaintiff, on account of taking possession of such property.

IDEM.—If the District Judge at Chambers makes an order which he has no power to make, and afterwards sets the order aside, and then at Chambers, by a subsequent order, reinstates the first order, the order reinstating is also without authority and void.

APPEAL from the District Court, First Judicial District, County of San Luis Obispo.

On the 28th of March, 1872, the Legislature passed an Act entitled, "an act to provide for the introduction of

good pure water into the town of San Luis Obispo," whereby the exclusive right was granted to Benrinio, Dana and Hays, and their assigns, to supply the inhabitants of said town with pure water. The plaintiff claimed to be their assignee.

The defendant was the owner of a tract of six hundred and forty acres of land near said town, through which flowed a small stream of water which he used for watering his stock. The plaintiff diverted the water from the stream, above defendant's land, and commenced the erection of a flume across the defendant's land, in which to carry the water to the town, to be there distributed through pipes to the inhabitants. The defendant thereupon commenced an action against Loomis, in the District Court, for the trespass, and obtained an injunction restraining further trespasses. Loomis then commenced this action to condemn the land to the extent of an easement thereon, for the purpose of conveying the water over the same in a flume, and also to condemn the water in the stream. He asked, in his complaint, to be permitted to enter upon and occupy the land, and to be allowed to remove and use such gravel, stones, trees and timber as was necessary for his use. He also asked that the Court authorize him, during the pendency of the action, to continue in possession of the property sought to be condemned. On filing the complaint, and on the 14th of October, 1873, the District Judge, at Chambers, made an *ex parte* order dissolving the injunction granted by the County Judge in the case of *Andrews* v. *Loomis*, and authorizing Loomis to continue in possession of the property sought to be condemned, upon his giving a bond in the sum of one thousand dollars, conditioned as provided in section 1,254 of the Code of C. P. Loomis gave the bond. Andrews filed his answer and asked that the order be vacated, and the Judge, on the 24th of October, 1873, made an order vacating the first order. Loomis then moved the Judge to vacate the second order and reinstate the first, and the Judge, at Chambers, on the 15th of November, 1873, granted the motion. From this last order Andrews appealed.

*Wm. J. Graves,* for the Appellant, argued that the Judge at Chambers, had no jurisdiction to make the order, and cited Sec. 1,254 of the Code of C. P.; *Larco* v. *Casaneueva,* 30 Cal. 564; *Brennan* v. *Gaston,* 17 Cal. 375, and *Vancicle* v. *Hines,* 7 Nevada.

*W. Murray,* for Respondent.

By the Court, McKINSTRY, J.:

The District Judge, in Chambers, had no power to make the order of the 14th of October, 1873. (Code Civ. Proc. 1,254.) The order of the 15th of November, 1873, (also in Chambers) purporting to reinstate the order of the 14th of October, was, therefore, made without authority.

Order appealed from, reversed.

Neither Mr. Justice RHODES nor Mr. Justice NILES expressed an opinion.