## Richmond.

## CHASE v. MILLER.

### February 17th, 1892.

1. COURTS.—*Term time—Judge—Vacation.*—The court in term time may exercise all the powers and functions conferred upon it as a court of general and original jurisdiction. The judge, acting in vacation, has no authority, except that expressly canferred by the statute under which he acts and is restricted to its very terms.
2. IDEM—*Code 1887, section 3436, construed—Coram non judice.*—This section, whereby a circuit judge may in vacation hear and determine upon appeal whether a judgment of court below is right or wrong, does not authorize the judge in vacation to inquire into the sufficiency of the appeal bond, and to order a new bond, or new or additional security; such order is *coram non judice* and void.
3. REMEDY.—*Clerk's bond.*—The party injured by the insufficiency of the appeal bond has his remedy by action on the official bond of the clerk of the court.   §§ 177, 178 and 180.

Error to order of the judge of the circuit court of Frederick county, made *in vacation*, on the 11th day of August, 1891, on a motion made by John M. Miller, upon notice, to require William C. Chase to give additional security on an appeal bond executed by him, with surety, before the clerk of the circuit court of Frederick county, upon a writ of error and *supersedeas* awarded by said judge to a judgment of the county court of Frederick county, in an action of unlawful detainer, wherein said John M. Miller was plaintiff, and the said William C. Chase was defendant.

The facts, so far as necessary to a proper understanding of

the question presented for decision, are these : John M. Miller, the plaintiff in said action of unlawful detainer, having, in the county court of Frederick county, obtained a judgment in said action against William C. Chase, the defendant therein, the latter applied to and obtained from the judge of the circuit court of said county a writ of error and *supersedeas* to said judgment of the county court. The order of the judge awarding the writ of error and *supersedeas* provides that the same shall "not take effect until the said defendant, W. C. Chase, or some person for him, shall give bond, with good personal security, in a penalty of seven hundred dollars, with condition to perform and satisfy the judgment aforesaid in case the judgment be affirmed, or the writ of error and *supersedeas* be dismissed; and also to pay all costs and fees and damages which may be awarded against the said W. C. Chase, or incurred in consequence of the *supersedeas*." This order granting the writ of error and *supersedeas* was made on the 30th of June, 1891, and was addressed : "To the clerk of the circuit court of Frederick county in Virginia."

Accordingly William C. Chase entered into bond, with surety, before the clerk of the circuit court of Frederick county, and in the penalty prescribed by the judge of said court in his order awarding the writ of error and *supersedeas*, as required by section 3471, Code of 1887.

Afterwards, to-wit: on the 20th day of July, 1891, John M. Miller, by counsel, prepared two notices in writing to W. C. Chase, of two separate and distinct motions to be made before the judge of the circuit court, in vacation, on the 30th day of July, 1891, which notices are in the words and figures following :

" To W. C. Chase :

" Take notice, That on Thursday, the 30th day of July, 1891, between the hours of 9 A. M. and 6 P. M., I shall move

the Hon. Robert H. Turner, judge of the circuit court of Frederick county, sitting in vacation, at chambers at Front Royal, Virginia, to require additional security upon the appeal bond executed by you, said Chase and Fletcher Kenney, in the appeal and *supersedeas* taken by said Chase from the judgment of the county court of Frederick county, Virginia, entered at the June term, 1891, in the action of unlawful detainer then therein pending, in which John M. Miller was plaintiff, against W. C. Chase, defendant; and such security, if ordered, not being given, to dismiss said writ of error and *supersedeas*.

" John M. Miller,
" By counsel."

Endorsed :

" I accept service of within, to have the same effect as though executed formally by the sheriff.

" W. C. Chase,
" By Holmes Conrad, Attorney.

" July 20th, 1891."

" To W. C. Chase :

" Take notice, That on Thursday, the 30th day of July, 1891, between the hours of 8 A. M. and 6 P. M., I shall move the Hon. Robert H. Turner, judge of the circuit court of Frederick county, acting in vacation, at chambers at Front Royal, Virginia, to hear and determine the writ of error and *supersedeas* from the judgment of the county court of Frederick county, Virginia, at its June term, 1891, in the action of unlawful detainer, in which I was plaintiff and you were defendant.

" Johm M. Miller,
" By counsel."

Endorsed:

"I accept service of the within notice, to have the same effect as though formally executed by the ·sheriff.

"W. E. CHASE,
"By Holmes Conrad, Attorney.
"July 20th, 1891."

The hearing of these motions appears to have been continued by agreement until the 11th day of August, 1891, when the said judge of the circuit court of Frederick county, in vacation, made the following order:

"This cause came on to be heard this 11th day of August, 1891, being the day agreed upon by counsel, as stated in open court by adjournment from the day stated in the notice and the agreement signed by counsel before the judge of the circuit court of Frederick county, sitting in vacation, upon the notices of the motions, in writing, to require additional security upon the appeal bond executed by the plaintiff in error, and to hear and determine the appeal, and upon the following papers filed upon the hearing of said motion, viz: abstracts of certain judgments docketed in Page county, numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and two affidavits of J. M. Long, and the exhibits filed therewith, and upon the motion of the plaintiff in error to hear the appeal upon its merits, and the objection thereto by defendant in error, and was argued by counsel.

On consideration whereof it is considered by the court that the said motion to hear the appeal on its merits is denied, and unless the plaintiff in error shall within ten days execute before the clerk of the circuit court of Frederick county an appeal bond in the penalty, and with the condition as heretofore ordered, with good and sufficient personal security, the writ of error and *supersedeas* heretofore granted in this cause shall stand dismissed as of this day.

On the motion of the plaintiff in error the execution of this order shall be suspended for twenty days from the date of this order, for the purpose of applying for an appeal, when such person shall give bond, before the clerk of this court, in the penalty of $700, with condition as provided by section 3456 of the Code of 1887.

The plaintiff in error, W. C. Chase, applied for and obtained from one of the judges of this court a writ of error and *supersedeas* to said order of the judge of the circuit court of Frederick county requiring him to give such new bond.

*Holmes Conrad*, for plaintiff in error.

*J. J. Williams*, for defendant in error.

RICHARDSON, J., delivered the opinion of the court.

The sole question presented for decision is, Did the judge of the circuit court have jurisdiction, in vacation, to make the order requiring the plaintiff in error to give a new bond, or additional security on the existing bond, and in default thereof to dismiss the writ of error?

We are clearly of opinion that the judge of the circuit court had no power to make the order.

" It is a fundamental principle that courts can exercise judicial functions only at such times and places as are fixed by law, and that the judges of courts can enter no order in vacation except such as are expressly ordered by statute." 12 Amer. and Eng. Enc. of Law, p. 14.

This doctrine is aptly illustrated by the decision of this court in *Tyson's Ex'ors* v. *Glaize & als.*, 23 Gratt. 799. In that case a bill was filed in January, 1871, in the circuit court of Clarke county, by the executors of Isaac Tyson, Jr., deceased, against L. A. Glaize and others, to set aside a judgment which had been recovered against said Tyson, and to enjoin the sale of real estate under an attachment issued in said suit.

The defendants appeared and demurred to the bill, and at the June term of the circuit court the cause came on to be heard, when, by consent of counsel, it was ordered by the court that the cause be submitted to the court to decide on the demurrer, the order of the court to be entered in vacation as of the last day of this term. And afterwards, on the 4th of August, 1871, a decree was entered of record in vacation by order of the judge of said court. After referring to the order made by consent at the previous term, and bringing on the cause as on the 20th day of July, the court sustained the demurrer, dissolved the injunction theretofore granted the plaintiff, and dismissed the bill with costs. And thereupon the plaintiffs obtained an appeal.

This court held, reversing the decree of the circuit court, that " a circuit court has no authority to make a decree or render a judgment in a cause in vacation, except such decrees and orders as are authorized by statute, and the consent of the parties cannot give the jurisdiction." After adverting to the fact that the question was as to the validity of the decree, Anderson, J., in delivering the unanimous opinion of the court, said : " The circuit courts, and not the judges thereof, are invested with jurisdiction to try causes, and pronounce decrees therein ; and that the judges have no jurisdiction to perform any judicial functions in vacation, except where the power is expressly conferred, as to grant injunctions and appeals, to hear motions to dissolve injunctions, to direct accounts, and to perform such other functions as are expressly authorized by law. And no power being conferred by statute, when the decree in this cause was entered, to pronounce and enter decrees in vacation, and consent of parties or their counsel not giving jurisdiction, the court is of opinion that the order made in the cause, directing the decree to be made and entered in vacation, was erroneous ; and that the supposed final decree made, and entered in pursuance of such order, is not the decree of the court."

It is true that since the decision of *Tyson* v. *Glaize,* the juris-

diction of the judges, in vacation, has been materially enlarged, but in every instance by express statutory provision, and in specifically defined cases. See sections 3426, 3427, 3428, 3483 and 4059, Code of 1887.

On behalf of the defendant in error, it is insisted that said section, 3483, confers upon the judge, in vacation, jurisdiction to require a new appeal bond, and to dismiss the appeal if such bond be not given. This contention cannot be upheld without doing violence to the plain import of the terms of the section relied upon. That section reads :

" The judge of a circuit court in which an appeal, writ of error, or *supersedeas* is required to be docketed, may, in vacation, by consent of parties or on reasonable notice by either party to the other or his attorney, hear and determine the case and render such judgment therein as might be rendered by the said court in term. The judgment so rendered and all the proceedings shall be certified by the judge to the clerk of the said court, who shall forthwith enter the same in the proper order book, and when so entered they shall have the same force and effect as if had or made and entered by the said court in term."

It is contended that the language, " may, in vacation, * * * hear and determine the case, and render such judgment therein as might be rendered by the court in term," necessarily confers upon the *judge, out of term,* all the powers of the *court, in term ;* or, at least, such is the effect of the contention as respects the case in hand. There is an obvious and broad distinction between the jurisdictional powers and functions exercised by a circuit *court,* in term, and those exercised by the *judge* of that court, in vacation. The *court,* in term time, and at all the times and place prescribed by statute, may exercise the powers and functions conferred upon it as a court of original and general jurisdiction; and while many of its powers are either expressly conferred or are regulated by statute,

there are many others that are essentially incident to its very
existence and efficiency, and these are as old as our system of
jurisprudence. Not so, however, with the mere *judge*, acting
in vacation, who has no authority except that *expressly* con-
ferred by the statute under which he acts, and to the very
times of which he is necessarily restricted. This results from
the obvious distinction to be taken between the *court*, acting
in term and according to the established course of courts, and
the *judge*, acting in vacation, in exceptional cases specifically
pointed out by statute, and not according to the ordinary
course of the court.

This distinction is well illustrated by the case of *The Spencer
Creek Water Company* v. *Yalligo*, 48 Cal. 70. That was a case
involving the validity of certain proceedings had before a
county judge in chambers. In delivering the unanimous opin-
ion of the Supreme Court of California, reversing the action
of the county judge, Rhodes, J., said: "The question, there-
fore, arises whether, under the constitution, the legislature has
competent power to create a tribunal and confer upon it juris-
diction in special cases; for it is beyond question that the
county judge is not the county court, and although the legis-
lature may authorize the judges of the several courts to per-
form certain duties, at chambers, in respect to proceedings in
a cause, yet some court has jurisdiction of the cause, and the
judge, in chambers, whether of the same or another court, acts
as a commissioner, or in some other capacity, merely in aid of
and subordinate to the court having jurisdiction of the case."

It is true that there is not in the present case, as there was
in the California case, any constitutional question directly
involved, yet that case clearly states the distinction between a
court, acting in term, and a judge, acting in vacation. Keep-
ing in view this important distinction, it is too plain to admit
of dispute, (1) that said section, 3483, of the Code of 1887,
confers no express authority upon a judge, in vacation, to

enquire into the sufficiency of an existing appeal bond and to require new or additional security; and (2) that such authority cannot be inferred from the language " hear and determine the case and render such judgment therein as might be rendered by the said court in term."

The section in question does no more, nor was it intended to do no more, than what its terms clearly import. It simply authorized the judge, in vacation, to hear and determine the *case*, and render such judgment *therein* as might be rendered by the court in term. It confers upon the judge, in vacation, no authority to enquire into the sufficiency of the bond given before the clerk in his office, and which the clerk accepted as sufficient. The bond was not the matter which the judge was authorized to " hear and determine," but was a matter collateral thereto, an act performed or a proceeding had before the clerk as required by law. Section 177, Code 1887.

The case authorized to be heard and determined by the circuit judge, in vacation, arose upon the writ of error and *supersedeas* awarded to the judgment of the county court, and was presented in the record thus brought to the circuit court, and the question presented and to be *heard* and *determined* was whether the judgment of the county court was right or wrong. This did not and could not embrace the right to enquire into a proceeding before the clerk in his office in respect to the bond required in order to perfect the writ of error and *supersedeas.* It follows, therefore, that the pretended judgment of the judge, in vacation, as to the sufficiency of the bond taken by the clerk, is not a judgment *in the case.*

This matter may be further illustrated by reference to sections 3426 and 3427, Code 1887, the first of these sections being with respect to interlocutory decrees and orders in vacation, and the second with respect to submitting chancery causes for decision in vacation. They are as follows :

§ 3426. " On the motion of any party to a chancery cause

pending in a circuit court, on reasonable notice to the adverse party or his counsel, the judge of such court may, in vacation, make any interlocutory decree or order, or direct any proceeding therein, preparatory to the hearing of the cause on the merits; and may, also, after like notice to the adverse party or his counsel and to the purchaser, make an order confirming or refusing to confirm a sale made under a decree in any such cause."

§ 3427. "Any chancery cause pending in a circuit court may, by consent of parties in term entered of record, or by the like consent in vacation, be submitted by the said judge for such decision and decree therein in vacation as might be made in term. When such consent is in vacation, the judge shall certify the fact to the clerk of the court in which the cause is pending, to be entered by him in his chancery order-book. He shall, also, certify the decree and orders made by him in vacation to such clerk, to be entered in like manner. All decrees and orders so made and entered shall have the same force and effect as if made and entered in term."

The language of these sections is quite broad and comprehensive. It authorizes a judge, in vacation, to make any interlocutory decree, or order or direct any proceedings therein, preparatory to the hearing of the cause on the merits. But suppose, when the judge, in vacation, comes to consider the propriety of making any such interlocutory decree or order, or to direct any proceedings in the cause, preparatory to the hearing of the cause on the merits, or even when he comes to consider of the final decree to be entered therein, it should be discovered that the case had not been matured at rules for trial, and that the cause had, therefore, been prematurely submitted for decision in vacation, can it be supposed for a moment that the judge, in vacation, could assume the powers and functions of the court in term, and exercise control over the proceedings had in the clerk's office prior to the submission of the

cause for decision in vacation? Certainly not. Why? Because by section 3293, Code 1887, it is provided: "The court shall have control over all proceedings in the office during the preceding vacation. It may re-instate any cause discontinued during such vacation; set aside any of the said proceedings, or correct any mistake therein, and make such order concerning the same as may be just. The power thus conferred to control the proceedings in the office is a power to be exercised by the court, in term, and not by the judge, in vacation. It follows, therefore, that if a judge, in vacation, may, in the exercise of the authority specially conferred by statute to hear and determine an appeal, or a writ of error, inquire into the sufficiency of the existing bond, and make an order requiring a new bond or new or additional security, then, in the case supposed of a chancery cause submitted for decision in vacation, he could with equal propriety assume control over the proceeding in the office. In the one case the order requiring new or additional security is not a judgment *in the case*, and in the other case any order made touching the proceedings in the clerk's office would not be an interlocutory decree or order *in the cause.*

In all cases, whether with a superior or inferior court, a purely statutory authority must be pursued in strict accordance with the legislative grant of power, and it cannot be extended by implication.

"When a statute prescribes a term time it is essential that to the jurisdiction that it should be exercised at that time; and if it transacts business at a different time its proceedings will be void. * * * * The rule is, that where the law authorizes a court to do an act it is meant that the court in term time must do it, and not the judge in vacation." Wells on Juris. of Courts, § 132.

In this state many provisions are made by statute for the execution of new bonds, or for requiring additional security on existing bonds. They will be found in sections 178, 227,

753, 815, 2687, 2887, 2888, 3415, 3420, 3472 and 3540, Code of 1887, and need not be more particularly referred to here. Of the sections referred to, 3472 and 3540 make provision for securing indemnity to sureties on appeal bonds and bonds for security of costs; but nowhere is provision made for requiring new bonds on the motion of appellees. And in every instance in which provision is made in these numerous sections the relief sought is to be obtained by motion in open court in term, and not elsewhere. Section 3470 provides that the writ of error shall not take effect until bond be given by the appellants, or some other person, in a penalty to be fixed by the court or judge, with conditions, &c. Section 3471 provides that such bond shall be taken by the clerk of the appellate court, before process is issued thereupon. As such bond was taken, with a surety, who testified as to his sufficiency, and the clerk, being satisfied of the fact, accepted him. The writ of error took effect from the acceptance of the bond by the clerk of the circuit court. It continued and remained operative up to and on the 11th of August, 1891, when the order complained of was made by the judge in vacation. The defendant in error not only cited the plaintiff in error to appear before the judge of the circuit court, in vacation, on a motion to be made on that day to hear and determine the writ of error and *supersedeas*, but also on a motion to be made on the same day and at the same place, requiring new or additional security. The last-named motion was first submitted; and, thereupon, the plaintiff in error moved the court to hear the first-named motion, but the court overruled his motion, and proceeded to hear the motion of the defendant in error for new or additional security, and made the order complained of.

There is nothing in the insistence by counsel for the defendant in error that to hold that the judge, in vacation, did not have the power to make the order in question, would in effect deprive him of the benefit of the summary remedy provided by law for the recovery of his land, and to have his costs and

damages made secure. The clerk who took the bond is him-self a bonded officer. By section 177, Code 1887, it is, among other things, provided that "Every bond required by law to be taken or approved by or given before any court, board, or officer, unless otherwise provided, shall be made payable to the commonwealth of Virginia, with surety deemed sufficient by such court, board or officer. Every such bond required of any person appointed to or undertaking any office, post, or trust, and every bond required to be taken of any person, by an order or decree of court, unless otherwise provided, shall be with condition for the faithful discharge by him of the duties of his office, post, or trust," &c. This, of course, em-braces clerks of circuit courts.

Section 178 provides that "The proper court, whenever, in its opinion, it may be necessary for the protection of the pub-lic interest, may order any officer of whom a bond is required by law, to give a new bond, or a bond in addition to the one already given, within such time, not less than ten nor more than thirty days, as the court may prescribe," &c. And by section 180 it is provided, "Suits may be prosecuted from time to time upon any bond mentioned in sections 177 and 178, in the name of the commonwealth, for the benefit of the com-monwealth, a county, or any person injured by any breach of the condition of such bond, as often as any such breach may be alleged, until damages shall be recovered for such breaches equal to the penalty of the bond. Hence, if the clerk of the circuit court of Frederick county, in taking the appeal bond in the present case, committed a breach of the condition of his bond, and the defendant is damaged thereby, his remedy by action on the clerk's bond is plain and ample, even if there was no other remedy. It is not denied that a cir-cuit court may, in a proper case, require new or additional security on an appeal bond; but the power to do so is a power to be exercised by the court, in term, and not by the judge, in vacation. We are, therefore, clearly of opinion that the orde

of the said circuit court complained of is *coram non judice* and void, and that the same must be so declared by a judgment to be entered here, and the cause removed to the circuit court of Frederick county, to be further proceeded in according to the views herein expressed.

FAUNTLEROY, J., *dissented.*

JUDGMENT REVERSED.