(February 14, 1894.)

## DELANO v. BOARD OF COUNTY COMMISSIONERS, LOGAN COUNTY.

[35 Pac. 841.]

EVIDENCE—MATERIALITY OF TESTIMONY.—Affidavit of defendant under section 8151, as amended in Second Session Laws of Idaho, page ·20, should state what defendant expects to prove by such witnesses in order that court may judge of materiality of testimony.

JUDICIAL FUNCTIONS—AUTHORITY OF JUDGE AT CHAMBERS.—Courts can exercise judicial functions only at such times and places as are fixed by law, and judges of courts can enter no order in vacation except such as are expressly authorized by statute.

(Syllabus by the court.)

APPEAL from District Court, Logan County.

H. S. Hampton, for Appellant.

This case involves the construction of a new and somewhat ambiguous law, viz., an amendment to section 8151 of the Revised Statutes of Idaho, found on page 20 of the Second Session Laws of Idaho. The judge does not possess the powers of the court, and can only "exercise, out of court, all the

powers expressly conferred upon the judge, as contradistinguished from the court." (Idaho Rev. Stats., sec. 3910; 12 Am. & Eng. Ency. of Law, 14; *Larco v. Casanenava,* 30 Cal. 561; *Norwood v. Kenfield,* 34 Cal. 329; *Bond v. Pacheco,* 30 Cal. 530.) It is essential that the judicial power whether exercised by the courts, or the judges thereof, should repose upon clear provisions of law. (*Wallace v. Helena Electric Ry. Co.,* 10 Mont. 24, 24 Pac. 626, 25 Pac. 278; *Washington etc. Co.› v. Coeur d'Alene Ry. etc. Co.,* 3 Idaho, 263, 28 Pac. 394.)

P. M. Bruner, for Respondent.

No brief filed.

At the May term, 1893, A. W. Tyler and W. J. Elder were indicted for the crime of robbery. On the fifth day of May, 1893, defendant Elder made the following affidavit, to wit:

"Exhibit 'A.'

*"In the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Logan.*

"THE STATE OF IDAHO,
                            Plaintiff,

            vs.

A. W. TYLER and W. J. ELDER,
                            Defendants.

"State of Idaho,   } ss.
County of Logan. }

"W. J. Elder, being duly sworn, deposes and says: That he is one of the defendants above named, and that the above case has been, by an order of said court, set for trial on the eighteenth day of May, 1893. That the following named witnesses: George Romain, George Warren, Patrick Murphy, Charles Sherry, Al. Short, A. Stewart, Vanswick, W. North, H. Plughoff, Charles Coney, Frank Reed, George Byles, George Walker, James White, Press Higgins, Philip Lynch, ——, Shorty, Pater Mavee-Sherman, Jack Rafter, (Doc.) Bartender Tom Connelly, Charles Riddle, Ed. Nicholson, Charles Harvey, Jack Nicholson, George Bronough, Sam Gundecker, John Doe

(Lunchman at Combination Saloon), J. P. Gambell, Guss Sawyer, George Richardson, Thomas McNary, Joseph Montgomery, Willet Young, Arty Worswick, Clyto Cloyd, Jud Thompson, H. Blake, Joe Brown, McWilliams, Joe F. White, Scarbrough, Charles Hogan, Lew Harrod, R. Straiggeway, W. Soden, F. Maginniss, Ferguson, Otto Sielaff, W. Davey, Gus Wohlgemuth, Campbell (American Falls), E. O. Glenn—are, and each is, a witness for the defendants herein in the trial hereof, and that the evidence of said witnesses, and each of them, is material for these defendants, and each of them, on the trial of said case. That this defendant, nor his codefendant, cannot safely go to trial without the evidence of said witnesses, and each of them.

"W. J. ELDER.

"Subscribed and sworn to before me, this fifth day of May, 1893.

"W. B. GEORGE,<br>"Clerk of District Court."

On the nineteenth day of May, 1893, the judge of the district court, at chambers, made the following order:

"It is hereby ordered by me, C. O. Stockslager, district judge of the fourth judicial district, in and for Logan county and the state of Idaho, that a subpoena issue for the above-named witnesses, out of the said court, by the clerk of said court, for each of said witnesses.

(Signed)   "C. O. STOCKSLAGER,<br>"District Judge."

Among those summoned by virtue of said order was one E. O. Glenn, who, with the others, served, as aforesaid, two days as such witness for the defendant, and traveled one mile, and received a certificate from the clerk of said court for such attendance and mileage for the sum of four dollars and twenty-five cents. Said certificate was assigned to plaintiffs herein, and by them presented to the board of commissioners of Logan county for allowance. The board refused to allow the same. Upon this statement of facts an agreed case was submitted to the district court, to determine whether said fees were a legal

charge against Logan county. On said submission the court, sitting without a jury, made the following conclusions of law:

## "Findings.

"This appeal and cause having been brought in to be heard this twenty-fourth day of November, 1893, in open court, upon an agreed statement of facts submitted to the court in said appeal and cause, and the court being fully advised upon the facts agreed upon and submitted, as conclusions of law from said agreed facts, the court finds that the order made on the ninth day of May, 1893, at chambers, by Hon. C. O. Stockslager, district judge of the fourth judicial district, in and for Logan county and state of Idaho, and referred to in said agreed statement of facts, ordering and directing the issuance of a subpoena in the case referred to in said agreed statement of facts, was legally and rightfully made by said district judge, and was in all respects legal and binding; and the said district judge had the right, power and authority, at chambers, to make said order, and the action of the board of county commissioners, refusing to allow the witness E. O. Glenn his fees under the order of the court, and the certificate as such witness issued to him by the clerk of this court, and duly presented to said board of commissioners for allowance is reversed, and the said board of county commissioners are hereby ordered to allow said claim of said E. O. Glenn.

"Nov. 6, 1893.                    "C. O. STOCKSLAGER,
                                        "District Judge.

On these findings of facts the court gave judgment in favor of plaintiffs, and against the defendant, and ordered the board of county commissioners to allow said claim for costs. From this judgment the defendant appeals to this court.

MORGAN, J. (After Stating the Facts).—The principal question brought to this court is, Could the judge, upon the presentation of the foregoing affidavit at chambers, as district judge, make the order directing the issuance of a subpoena summoning said witnesses? Section 8151 of the Revised Statutes of Idaho contained no provision for the pay of defendant's witnesses in criminal cases, as originally drawn. The section was

amended (2d Sess. Laws, p. 20) by the addition of the following provisions: That, when a defendant in a criminal proceeding requires the attendance of more than five witnesses in his behalf, before such witnesses shall be subpoenaed at the county expense, or their fees and mileage be a charge against the county, such defendant must make an affidavit setting forth that they are witnesses whose evidence is material to his defense, and that he cannot safely go to trial without them. In such case the court shall order a subpoena to issue for such of said witnesses as the court may deem material for the defendant, and the costs incurred by the process, and the fees and mileage of such witnesses, shall be paid in the same manner that costs and fees of other witnesses are paid. It will be noticed that the statute provides that the court shall order a subpoena to issue for such witnesses as the court shall deem material. No power is given the judge, by this or any other section, to make such order; and it would seem to be with good reason, as these fees become a county charge, without the county, through their officers, having anything to say in the matter. Courts can exercise judicial functions only at such times and places as are fixed by law, and judges of courts can enter no order in vacation, except such as are expressly authorized by statute. (12 Am. & Eng. Ency. of Law, 14.) Such business as may be transacted out of court is exceptional, and must find its warrant in some express provisions of the statute. (*Larco v. Casaneuava,* 30 Cal. 561; *Norwood v. Kenfield,* 34 Cal. 329; *Loomis v. Andrews,* 49 Cal. 239.) The judge at chambers not being authorized by law to make the order for witnesses for defendant above set forth, said order is illegal and void, and cannot be made a basis for compelling the county to pay the fees of such witnesses. The statute (2d Sess. Laws, sec. 8151, as amended) provides that in such cases the court shall order a subpoena to issue for such witnesses as the court may deem material for the defendant, etc. It is evident, therefore, from this reading of the statute, that the court must exercise its judgment as to the materiality of witnesses. How shall this be done, if the affidavit simply states they are material to his defense, without stating facts which show to the court that such witnesses are material? The court

evidently could and should require that the defendant should state in his affidavit what he expects to prove by the witnesses. Then the court should judge as to the necessity for summoning them. This would prevent the summoning of a large number of witnesses who were not needed in the trial, and save unnecessary expense. Judgment of the lower court reversed. Costs awarded to appellant.

Huston, C. J., and Sullivan, J., concur.