**[No. 4382.]**

THE PEOPLE EX REL. ADAMS ET AL. v. THE DISTRICT COURT OF ARAPAHOE COUNTY AND PALMER, JUDGE.

PROHIBITION—JURISDICTION OF JUDGES OF SUPREME COURT IN VACATION.

The judges of the supreme court have no authority in vacation to entertain an application for a writ of prohibition or to enter an order to show cause in such proceeding.

*Original proceeding on application for writ of prohibition.*

*Before Justices Gabbert and Steele, in vacation.*

Mr. H. M. ORAHOOD and Mr. N. B. BACHTELL for relators.

Mr. MILTON SMITH for respondents.

The authority of the justices of the supreme court to entertain applications of this character in vacation depends entirely upon a construction of certain provisions of the state constitution. · That fundamental law originally declared, sections 2 and 3, article VI.:

"Sec. 2.   The supreme court, except as. otherwise provided in this constitution, shall have appellate jurisdiction only, which shall be· co-extensive with the state, and shall have a general supertending control over all inferior courts, under such regulations and limitations as may be prescribed by law." ·

"Sec. 3.   It shall have power to issue writs of habeas corpus, mandamus, quo warranto, certiorari, injunction, and other original and remedial writs, with authority to hear and determine the same."

Under these provisions, in the case entitled *In re Garvey,* 7 Colo., 502, it was held that the justices of the supreme court are not clothed with authority to issue writs of *habeas corpus,* or to hear and determine matters arising thereon, in vacation. The same rule would apply as to other writs mentioned in section 3. Subsequent to this ruling the legislature, wisely concluding that as to writs of *habeas corpus* the authority of the justices should be enlarged because the rights of a party claiming to be unlawfully imprisoned ought to be the subject of inquiry at any time, submitted an amendment to the people, which was adopted, whereby section 3 was made to read as follows:

"Sec. 3.   It shall have power to issue writs of habeas corpus, mandamus, quo warranto, certiorari, injunction, and other remedial writs, with authority to hear and determine the same; and each judge of the supreme court shall have like power and authority as to writs of habeas corpus. * * * "

The language employed in the amended section down to the

clause conferring upon each judge the power and authority to issue writs of *habeas corpus* and to hear and determine the questions arising thereon, is identical with original section 3, with the immaterial exception that the word "original" preceding the word "remedial" is omitted. In the light of the construction of that section and of the significant fact that the only change made in the phraseology of the section was to confer upon the judges the authority to issue writs of *habeas corpus* and to hear and determine the same, it is too plain to admit of debate that the people accepted the construction announced in the case of *In re Garvey,* and intended by the amendment that as to all writs save the one of *habeas corpus* the power to issue should remain in the court alone.

The fact that a rule to show cause only is sought on behalf of petitioners does not alter the situation. Authority in this proceeding, by the express terms of the constitution, is conferred upon the court, and not the judges. An order to show cause why a writ of prohibition should not issue is one of the steps leading up to the issuance of the writ, and inasmuch as the judges have no authority to issue that writ they certainly are not vested with the power to take any initial steps in the matter in vacation. Without authority to entertain the proceeding at this time, it is wholly immaterial how meritorious the application may be; hence no opinion can be expressed on the merits, and the application is denied solely for the reason that the judges cannot entertain it in vacation.

*Application denied.*