## ELLEDGE v. ARTERBERRY.

No. 5072.    Opinion Filed January 4, 1916.

(154 Pac. 341.)

1. **JUSTICES OF THE PEACE — Appeal Bond — Order of County Judge.** A county judge at chambers or during vacation has no authority to order that a bond given on appeal from a justice of the peace court shall be strengthened by obtaining additional sureties or that a new bond be executed.

2. **SAME.** In counties where county court is held at more than one place, and an appeal is filed in said court during vacation at one place, the county judge sitting at chambers at another place of holding court has no authority to order a new appeal bond to be executed or the old one amended, and such order, when made, is **coram non judice** and void.

3. **SAME—Time for Amendment of Bond—Right.** When a motion is made on the first day of the term to dismiss an appeal from a justice's court on account of a defective appeal bond, and the appellant asks for time in which to cure the objections to the bond, a reasonable time should be granted, and it is an abuse of discretion to forthwith dismiss the appeal.

(Syllabus by Hatchett, C.)

*Error from County Court, Garvin County;*
*W. B. M. Mitchell, Judge.*

Action by W. T. Arterberry against J. C. Elledge. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

*R. E. Bowling* and *L. H. Hampton,* for plaintiff in error.

*J. S. Garrison,* for defendant in error.

Opinion by HATCHETT, C.  W. T. Arterberry sued J. C. Elledge in a justice of the peace court, and plaintiff obtained judgment. The defendant appealed to the county court of Garvin county at Lindsay; the appeal

being filed in said county court on September 13, 1912. A motion was filed by the plaintiff on September 17, 1912, to require the defendant to strengthen his appeal bond, notice thereof having been previously given that same would be heard by the county judge in chambers at Pauls Valley on September 18, 1912. The defendant filed in writing an objection to the hearing in chambers at Pauls Valley, contending that the motion to strengthen the appeal bond should be heard in open court at Lindsay. On September 18, 1912, the county judge, sitting in chambers at Pauls Valley, heard the motion of the plaintiff to strengthen the appeal bond, sustained it, and ordered that the defendant within ten days file an appeal bond with one or more sureties to be approved by the court or the clerk, otherwise the appeal would be dismissed. Thereafter, on September 28, 1912, the defendant filed a motion asking that the time be extended until October 14, 1912, and the county judge made an order extending the time until that date. On October 15, 1912, the plaintiff filed a motion to dismiss the appeal on the ground that the defendant had failed to comply with the order of the county judge requiring another appeal bond to be filed which should be approved by the court or the clerk thereof. County court convened at Lindsay on December 5, 1912, and the defendant filed a motion asking for five days' additional time in which to strengthen his bond, which was on the same day overruled, and the appeal dismissed for failure to comply with the former order of the county judge made in chambers at Pauls Valley ordering the defendant to file a bond which the court or clerk would approve. From the order dismissing the appeal from the justice court to the county court, the defendant has appealed to this court.

Under section 5473, Rev. Laws 1910, the county court on appeal, where the surety is insufficient, may order an appeal bond to be strengthened by the procurement of additional sureties, or may order a new bond to be executed which shall meet the approval of the court, but we think such an order must be made by the court, and a judge in vacation or at chambers has no power to make such an order. Aside from the very limited power conferred by the common law, a judge in chambers or during vacation has only such power and authority as are expressly granted by the Constitution or statute. *De Lano et al. v. Board of Com.*, 4 Idaho, 83, 35 Pac. 841; *Brown et al. v. E. & M. Lumber Co.*, 44 Neb. 361, 62 N. W. 1070; 23 Cyc. 544.

The statute authorizes the court to make such orders in regard to the appeal bond. Nowhere in the Constitution or the statutes, so far as our information goes, is the jurisdiction given a judge as contradistinguished from a court to order an appeal bond to be amended or a new one executed and filed. *People v. District Court*, 28 Colo. 485, 69 Pac. 1066; *Fisk v. Thorp et al.*, 51 Neb. 1, 70 N. W. 498.

The exact nature of the order in this case is not clear, but it either meant that the old bond should be strengthened by obtaining additional sureties which would meet the approval of the judge or clerk of the county court, or that a new bond entirely should be filed, which would meet such approval. So far as the law involved is concerned, it makes no difference which construction is placed on the order.

But the appeal was pending at Lindsay, and the order recites that it was made in chambers at Pauls Valley.

Garvin county was divided into three county court districts. Sess. Laws 1910-11, p. 59. Provision is made for holding such court at two places other than the county seat, one of which is Lindsay. Section 1826, Rev. Laws 1910, which section was enacted in 1909, fixes the time of holding terms of the county court in counties where such court is held at two other places in addition to the county seat. So the county judge at chambers in Pauls Valley, during vacation of the Lindsay court, had no jurisdiction or authority to make the order touching the appeal bond in the case pending on appeal at Lindsay, and such act was *coram non judice* and void. See *Laughlin v. Peckham*, 66 Iowa, 121, 23 N. W. 294; *Chase v. Miller*, 88 Va. 791, 14 S. E. 545.

When court convened at Lindsay on December 5, 1912, it had jurisdiction to require the defendant to amend his bond or file a new one. The question is: Did the court abuse its discretion in dismissing the appeal on that day, when the defendant asked for time to cure the objections to his bond? The reason for dismissing the appeal on December 5, 1912, appears to be the failure of the defendant to comply with the former order of the judge which we have held was void. We think a reasonable opportunity should have been given the defendant to cure the objections to his bond after such objections had been passed upon by the court at Lindsay, and that the dismissal of his appeal without such opportunity was an abuse of discretion. We can appreciate the position of the court at the time of making the order. No doubt, it felt that sufficient notice had been given that the bond must be amended, and likely the term at Lindsay was very short and granting further time would have been a

great inconvenience, but the order at chambers in Pauls Valley on September 18, 1912, being void, we think when the court convened at Lindsay it should have acted upon the motion of plaintiff to dismiss the appeal and the request of the defendant for time to amend his bond, as though the former order had never been made. The former decisions of this court are to the effect that a party appealing should be permitted upon request to amend a defective appeal bond, rather than that the appeal should be dismissed. *C., R. I. & P. Ry. Co. v. Moore*, 34 Okla. 199, 124 Pac. 989; *Spaulding Mfg. Co. v. Roff*, 34 Okla. 309, 125 Pac. 727; *Spaulding Mfg. Co. v. Witter et al.*, 34 Okla. 313, 125 Pac. 729; *Churchman v. Payte*, 37 Okla. 649, 133 Pac. 178; *Roberts v. Converse*, 37 Okla. 169, 131 Pac. 539; *Harper v. Pierce*, 37 Okla. 457, 132 Pac. 667.

The defendant in error, the plaintiff in the trial court, has not favored us with a brief, and we would have been warranted, under the rules of this court, in reversing the cause for such failure, but, as the power of a county judge in chambers or during vacation, in counties where county court is held at more than one place, has been somewhat mooted, we thought best to decide this appeal on its merits.

We recommend that the order of the county court of Garvin county at Lindsay, dismissing the appeal from the justice court be reversed, and the cause remanded, with directions to reinstate the appeal and proceed in accord with this opinion.

By the Court: It is so ordered.