[No. 3,579.]

# THE SPENCER CREEK WATER COMPANY v. M. L. VALLEJO.

SPECIAL CASES.—Proceedings for the condemnation of water to supply cities with pure water, and the right of way to conduct it, are "special cases" within the meaning of Section eight of Art. VI of the Constitution.

IDEM.—The Constitution gives jurisdiction of "special cases" to the County Courts, unless the statute confers jurisdiction upon some other Court.

Jurisdiction of Special Cases.—The Legislature may confer jurisdiction of "special cases" upon the District Courts and the County Courts, but whether it may confer jurisdiction in such cases upon any other Court provided for by the Constitution, not decided.

Idem.—The Legislature cannot confer jurisdiction of "special cases" upon the County Judge, nor can it confer such jurisdiction upon any tribunal or officer, except one of the Courts mentioned in the sixth Article of the Constitution.

County Judges.—The County Judge is not the County Court, and although the Legislature may authorize the Judges of Courts, at Chambers, to perform certain duties in respect to a cause, yet some Court must have jurisdiction of the cause.

Appeal from a final order and judgment of the County Judge of Napa County.

The plaintiff was a corporation, organized for the purpose of supplying Napa City and the inhabitants thereof, and the inhabitants of other towns and places in Napa County, with pure fresh water; and, on the 27th day of October, 1871, filed a petition with the County Judge of Napa County, praying for the condemnation of the waters of Tulucay, or Spencer Creek, and the right of way over the lands of the defendants for conducting the water. Such proceedings were had that commissioners were appointed by the County Judge to assess damages; the damages were assessed by them, and they filed their report, which was confirmed by the County Judge, and he, on the 11th day of March, 1872, made a final order of condemnation. The defendants appealed.

The other facts are stated in the opinion.

*W. S. Wells* and *S. G. Hilborn,* for appellants, argued that the statute of 1858 was unconsitutional in so far as it attempted to confer jurisdiction of the proceedings under the statute upon the County Judge, (citing Stats. 1858, p. 218; Hittell Genl. L., 966, 968; Constitution of California, Art. VI., Secs. 1 and 8; *San Francisco and Alameda Water Co.* v. *Alameda Water Co.,* 36 Cal., 639; *Gilmer* v. *Lime Point,* 18 Cal. 260.)

*W. W. Pendegast* and *R. Burnell,* for Respondent.

By the Court, Rhodes, J.:

This proceeding was instituted under the Act of April 22d, 1858 (the Act for the incorporation of water companies), for the purpose of acquiring the right to appropriate the waters of Spencer Creek, and the right of way for the conveyance of the waters, etc. It was commenced before the County Judge of Napa County, and was heard before and determined by him. It is urged by the defendants that the County Judge had no jurisdiction in the matter—that the Act of 1858, in so far as it attempts to confer authority upon the County Judges to hear and determine such applications, is unconstitutional.

That statute provides that "the mode of proceeding to appropriate and take possession of such land and waters, when the parties cannot agree upon a purchase thereof, shall be the same as prescribed in sections twenty-seven, twenty-eight and twenty-nine of an Act for the incorporation of railroad companies, passed April 22d, 1853, except that such proceedings shall be had before the County Judge of the county in which such lands, or waters, or both, are situated." Section eight, Article VI. of the Constitution, confers upon the County Courts original jurisdiction "of all such special cases and proceedings as are not otherwise provided for." The proceedings provided for in the statute of 1858 are to be classed as special cases. Jurisdiction of such special cases pertains to the County Courts, unless the statute confers it upon some other proper tribunal. The County Courts are the residuary donees of such jurisdiction. The Legislature may grant jurisdiction to those Courts, as well as to the District Courts; and in view of the decision in the appeal of Houghton (42 Cal. 35), in which it was held that the Court had no appellate jurisdiction of the proceedings sought to be reviewed, because the statute had declared that the judgment of the County Court should be final—in other words, because no appeal had been provided—it would seem to be the necessary conclusion that jurisdiction of special cases can be exercised only by those Courts to which it is granted by the statute and the County Courts, when not otherwise provided for.

The question therefore arises whether, under the Constitution, the Legislature has competent power to· create a tribunal and confer upon it jurisdiction in special cases; for it is beyond question that the County Judge is not the County Court, and although the Legislature may authorize the Judges of the several Courts to perform certain duties, at Chambers, in respect to proceedings in a cause, yet some Court has jurisdiction of the cause, and the Judge, in ·Chambers, whether· of the same or another Court, acts as a commissioner, or in some other capacity, merely in aid of and subordinate to the Court having jurisdiction of the cause. It being, we think, beyond dispute, that a County Judge is not the County Court, if jurisdiction of special cases could be conferred upon the County Judge, it is equally competent to the Legislature to confer it upon the County Clerk, Recorder or Sheriff, or to create a new tribunal for the exercise of such jurisdiction.

It will be conceded that no appeal can be taken in special cases except to this Court; that a statute could not be upheld which granted appellate power in such cases to any other Court or tribunal; but there is nothing in the Constitution which indicates with a greater degree of certainty the design to confine the appellate jurisdiction of special cases to the Supreme Court, than there is to limit the original jurisdiction to the other Courts mentioned in the Constitution. The words of the clause of the Constitution already cited, conferring upon the County Courts jurisdiction " of all such special cases and proceedings as are not otherwise provided for," import that the Legislature may provide for the exercise of such jurisdiction by one or more of the courts mentioned in the sixth article of the Constitution. The District Courts and the County Courts may, by statute, be vested with such jurisdiction; but whether any other Court may be authorized by statute to exercise original jurisdiction in such cases, it is unnecessary now to determine; and it is our opinion that the Legislature is not authorized to provide for the exercise of such jurisdiction by any tribunal other than one of the Courts provided for by the Constitution, and that a statute which grants such

jurisdiction to a judicial officer, cannot be upheld. The opposite view is repugnant to the first section of Article VI.; for that section declares that the judicial power of this State shall be vested in certain Courts therein enumerated, and such Recorders' and other inferior Courts as the Legislature may establish in any incorporated city or town. The power to hear and determine a special case is judicial power, and its nature or character is not in any respect changed by the fact that the Constitution did not assign it to some specified Court, as it did the jurisdiction of most of the cases at law and in equity.

Judgment reversed and cause remanded, with directions to dismiss the proceedings.