[No. 9,741. Department One.—January 26, 1885.]

CHOLLAR MINING COMPANY, Petitioner, v. T. K. WILSON, Judge of the Superior Court of the City and County of San Francisco, Respondent.

Corporations—Removal of Officers—Jurisdiction of Superior Court.— Proceedings under the act of March 21, 1872, for the removal of the officers of a corporation, are special, and to invest the Superior Court with jurisdiction, the requirements of the act must be complied with, and it must so appear upon the face of the record, otherwise the court has no jurisdiction to proceed.

Petition for Removal—Majority of Shareholders.—In such proceedings the petition for the removal of the corporate officers must be signed by a majority of the shareholders; a signing by the holders of a majority of the stock is not sufficient,

Id.—Prohibition—Corporation May Maintain.—A writ of prohibition to prohibit the court from further proceeding in the matter of the removal of such officers may be brought in the name of the corporation. As representing the stockholders, it is a party beneficially interested.

Prohibition to a judge of the Superior Court of the city and county of San Francisco.

The petitioner is a mining corporation, organized under the laws of the State of California on March 11, 1876.  By its by-laws, its five directors are annually elected on the third Wednesday in March of each year.  At the annual election in March, 1884, certain persons were elected to serve as directors for the ensuing year.  On the 17th of September, 1884, nine persons holding a majority of the capital stock of the corporation presented a petition to the respondent, praying that he issue a notice for a meeting of the stockholders of said company, the object being the removal of the officers of the company.  The proceeding was based upon an act of the legislature approved March 21, 1872, entitled an act supplemental to an act entitled "an act concerning corporations," passed April 22, 1850. Pursuant to section 1 of this act, a notice to the stockholders was issued by the judge.  The meeting was held in accordance with the notice, and all the directors elected in March, 1884, were removed by a vote of the holders of a majority of the capital stock.  An election to fill the vacancies caused by such removals was had, and certain other persons were elected directors.  A duly verified report of the proceedings of this meeting, with blank certificates of election, and a blank order to transfer all the papers, property, and effects of the company to the newly elected board, was then presented to the respondent for his signature, in accordance with section 4 of the act.  The petitioner, through its president, then applied to this court for a writ of prohibition to prohibit the judge from signing the certificates or making the order.  The further facts appear in the opinion of the court.

*B. C. Whitman*, and *J. M. Allen*, for Petitioner.

*John H. Boalt*, for Respondent.

THORNTON, J.—Application for writ of prohibition.  The court is of opinion that this proceeding is well brought by the corporation.  As representing the stockholders, it is a party beneficially interested.

The petition addressed to the judge contains the allegation that the signers thereof (nine in number), constituted " a majority of the shareholders " of the corporation—the Chollar Mining Company.

I am of opinion that the allegation of the petition in this re-gard is insufficient. It should state the number of the share-holders, so that the court below can see on the face of the peti-tion that the signers do in fact constitute the majority of such shareholders.

In the petition to this court, it is averred that there were, when the petition to the court below was made and verified by its nine signers, and are now, more than sixty of such share-holders. This averment is not denied, and it is urged on be-half of the application made to this court, that under such cir-cumstances the court below had no authority to proceed, inas-much as it was not signed by a majority of shareholders.

I am further of opinion that this contention must be sustained. The act of 1872, under which this proceeding is taken, re-quires that the petition must be signed by a majority of the shareholders. (See § 1, act of 1872, Stats. 1871–2, p. 443.) The authority to the Superior Court to proceed is wholly stat-utory. It is a special proceeding provided by statute, not ac-cording to the course of the common law; and to invest such court with jurisdiction, the requisites of the act must be com-plied with, and it must so appear on the face of the record. If not so complied with, the court has no jurisdiction to proceed. This is so clearly the law, that it is unnecesssary to cite author-ity to sustain it. But we will refer to *Pulaski County* v. *Stuart*, 28 Gratt. 872.

The argument of the respondent as to the construction of the act of 1872 has been fully weighed, but I can see no good reason for holding that the words " majority of shareholders " mean the same thing as " the holders of the majority of the stock." The difference between the expression "majority of the shareholders" and " the holders of the majority of the stock," was clearly understood by the legislature which enacted the act of 1872. Both are used in the act. If both were the same in meaning, why alter the form of the words used?

The language of the statute is clear and unambiguous, and in such case the argument as to results is entitled to little weight.

As this view is decisive of the cause, it is unnecessary to con-sider the other questions ably discussed on the argument.

I am of opinion that the applicant is entitled to the writ of

prohibition prayed for, and it is accordingly ordered to be issued.

McKINSTRY, J., concurring.—I concur in the judgment. The act of March 21, 1872, Statutes of 1871–72, p. 443, is unconstitutional and void. (*Spencer Creek Water Company* v. *Vallejo*, 48 Cal. 70.)

MYRICK, J.—I concur in the judgment on both grounds mentioned in the opinions of my associates.