LOUIEL, APPELLANT, *v.* VÁZQUEZ, RESPONDENT.

APPEAL from the District Court of Ponce.

No. 880.—Decided May 29, 1913.

APPEAL—NEW TRIAL—TRANSCRIPT OF RECORD.—In an appeal from an order refusing a new trial the transcript of the record should contain a copy of the order appealed from and its omission is a defect which affects the jurisdiction of this court and said defect cannot be cured by the insertion in the record of the notice of said decision given by the secretary of the lower court to the parties.

The facts are stated in the opinion.

*Mr. José Tous Soto* for appellant.

*Mr. Francisco Jiménez* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an appeal in which we are called upon to decide whether the District Court of Ponce erred in overruling the plaintiff's motion for a new trial.

Judgment was rendered by the said district court dismissing the complaint with costs, and thereupon plaintiff, on December 4, 1911, made a motion for a new trial. While the ruling of the court on this motion does not appear in the record, there is a notice from the clerk thereof to plaintiff's attorney to the effect that on January 31, 1912, the said motion was overruled. There is also included a notice of this appeal dated February 5, 1912, taken from the order of the court of January 31, 1912, overruling the motion for a new trial.

Although the respondent does not plead to the omission from the record of the order from which this appeal is taken,

it is our duty to determine whether this defect deprives us of jurisdiction to decide the appeal.

Under section 225 of the Code of Civil Procedure the judgment roll and the affidavits or the records and files in the action, or bill of exceptions, or statement, as the case may be, used on the hearing, with a copy of the order made, shall constitute the record to be used on appeal from the order granting or refusing a new trial, unless the motion be made on the minutes of the court, and in that case the judgment roll and a statement to be subsequently prepared, with a copy of the order, shall constitute the record on appeal. And section 301 provides that on an appeal from an order granting or refusing a new trial, in addition to the papers required by the preceding section, the appellant must furnish the court with a copy of the notice of appeal and of the order appealed from.

A simple perusal of the foregoing provisions of law shows that the record in the present case should contain a copy of the order appealed from, and its omission is a defect which cannot be supplied by the notice of the decision of the court by the clerk to the defendant, for this does not meet the statutory provisions which require that a copy of the order appealed from shall be included in the record. An appeal is a statutory privilege and he who exercises it must comply with the formalities required by law. *The People* v. *Dones,* 18 P. R. R., 272.

In the case of *The People* v. *Antolino Lorenzo,* 18 P. R. R., 940, we said:

"In order that this court may have jurisdiction to decide an appeal it is necessary that the same shall have been taken in such cases as the law permits and that the requisites necessary to consider it as perfected shall have been complied with * * *.

"The notice of appeal is so necessary that it cannot be dispensed with although the statement of the case may recite that said statement is filed by virtue of an appeal, or although it may be shown in any other incidental manner that an appeal exists."

The rule laid down with regard to the omission of, the notice of appeal is equally applicable to the omission of the order appealed from, inasmuch as the record should show affirmatively all the requisites required by law in order that the appellate court may acquire jurisdiction of the case, and should contain the order, decree or judgment appealed from. *Savings and Loan Society* v. *Meeks,* 66 Cal., 374. This doctrine has been established by us also in the case of *Jiménez* v. *Olmedo,* 13 P. R. R., 296, inasmuch as the rules of procedure are binding upon the parties. *Fernández* v. *Estate of Irizarri,* 10 P. R. R., 43, and *Ex parte Hecht,* 11 P. R. R., 192. Besides, when a statute is plain, as in the present case, no interpretation is necessary.

As the appellant has not complied with the legal provisions cited, the appeal is dismissed in accordance with section 303 of the Code of Civil Procedure.

*Appeal dismissed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.