LOUIEL, APELANTE, *v.* VÁZQUEZ, APELADO.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 880.—Resuelto en mayo 29, 1913.

NUEVO JUICIO—APELACIÓN—COPIA DE LA RESOLUCIÓN APELADA.—La transcripción de autos en una apelación contra resolución denegatoria de nuevo juicio debe contener copia de la resolución apelada y su omisión constituye un defecto que afecta a la jurisdicción de esta corte, sin que la inserción en la transcripción de la notificación de dicha resolución hecha por el secretario de la corte inferior a las partes pueda subsanar dicho defecto.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. José Tous Soto.*
Abogado del apelado: *Sr. Francisco Jiménez.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El presente recurso tiene por objeto que resolvamos si la Corte de Distrito de Ponce erró al denegar la solicitud del demandante, de que se le concediera un nuevo juicio.

Dictada sentencia por la expresada corte desestimando la demanda con imposición de costas, solicitó el demandante en moción de 4 de diciembre de 1911 que se le concediera un nuevo juicio, y, aunque no consta en el récord de esta apelación la resolución de la corte a esa solicitud, existe una notificación hecha por el secretario de la misma al abogado del demandante, en la que le hace saber que con fecha 31 de enero de 1912 la corte declaró sin lugar su solicitud de nuevo jui-

cio. También aparece un escrito de 5 de febrero siguiente por el que el demandante establece el presente recurso de apelación contra la orden de la corte de 31 de enero anterior que denegó su solicitud de nuevo juicio.

Aunque la parte apelada nada alega por la falta en el récord de la resolución que motiva la apelación, estamos en el deber de determinar si esa falta nos priva de jurisdicción para resolver el presente recurso.

Según el artículo 225 del Código de Enjuiciamiento Civil, el legajo de la sentencia y las declaraciones escritas y juradas o los autos y legajos del pleito o el pliego de excepciones o la exposición, según el caso, que se hubieran utilizado en la vista, con una copia de la resolución dictada, constituirán los autos para la apelación de aquélla, bien concediendo o bien denegando un nuevo juicio, a menos que la moción se hubiera hecho fundándose en las minutas de la corte, en cuyo caso, el legajo de la sentencia, una exposición que se hará al efecto y la copia de la resolución impugnada, constituirán los autos para la apelación. Y el artículo 301 dispone que, en una apelación contra una providencia concediendo o denegando un nuevo juicio, además de los documentos especificados en el artículo antes citado, deberá el apelante presentar en la corte de apelación una copia de la notificación del recurso interpuesto y de la providencia apelada.

La sola lectura de esos preceptos legales convencen de que en el presente caso es necesario que exista en el récord de la apelación copia de la providencia u orden apelada, defecto que no puede ser suplido con el aviso que el secretario dió al demandante de la resolución de la corte, pues no se cumple con el estatuto que requiere la copia de la resolución apelada. Una apelación es un privilegio estatutorio y el que lo ejercita tiene el deber de hacerlo en la forma especificada por la ley. *El Pueblo* v. *Dones,* 18 D. P. R., 277. En el caso de *El Pueblo* v. *Lorenzo,* 18 D. P. R., 978, dijimos:

"Para que esta Corte Suprema tenga jurisdicción para resolver una apelación es necesario que haya sido interpuesta en los casos en

que la ley la permite, y con los requisitos que exige para que se considere perfeccionada * * *.

"Es tan necesario el escrito de apelación que no puede prescindirse de él, aunque en la exposición del caso se diga que se radica por virtud de uná apelación o que de cualquiera otra manera incidental se consigne que existe una apelación."

El principio antes consignado con respecto a la falta del escrito de apelación es igualmente aplicable a la falta de la resolución apelada ya que el récord debe demostrar afirmativamente todos los requisitos exigidos por la ley para que la corte de apelación adquiera jurisdicción sobre el asunto y debe contener la orden o decreto o fallo apelado, *Savings and Loan Society* v. *Meeks,* 66 Cal., 374, doctrina que también hemos consignado en el caso de *Jiménez* v. *Olmedo,* 13 D. P. R., 308, ya que las reglas de procedimientos son obligatorias para las partes. *Fernández* v. *Sucesión Irizarry,* 10 D. P. R., 48, y *Ex parte* Hecht, 11 D. P. R., 202. Además, cuando el estatuto es claro como en el presente caso, no necesita interpretación.

No habiendo cumplido el apelante con los preceptos legales mencionados, debemos, de acuerdo con el artículo 303 del Código de Enjuiciamiento Civil, desestimar la apelación.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.