HERNÁNDEZ, PLAINTIFF AND APPELLANT, *v.* HERNÁNDEZ ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of Humacao.

No. 989.—Decided November 6, 1913.

APPEAL—DISMISSAL OF APPEAL—TRANSCRIPT OF RECORD—JURISDICTION—JURISDICTIONAL DEFECT.—Failure to include a copy of the judgment in the transcript of the record is a defect which deprives this court of jurisdiction to entertain the appeal, and this defect may be considered by the court on its own motion and bring about the dismissal of the appeal.

ID.—TRANSCRIPT OF RECORD—OMISSION OF COPY OF JUDGMENT.—The omission of a copy of the judgment from the transcript of the record cannot be supplied by a statement of the appellant in his notice of appeal that the appeal is taken from the judgment, nor by a certificate of the secretary to the effect that the judgment was entered, nor by a mere reference to said entry in the statement of the case, in the bill of exceptions, or in any other part of the record.

The facts are stated in the opinion.
*Mr. Rafael López Landrón* for appellant.
*Mr. Francisco González* for respondents.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an appeal by the plaintiff from a judgment of the District Court of Humacao.

Notwithstanding the fact that there appears in the transcript of the record a decision of the lower court sustaining a demurrer to the complaint on the ground that the latter did not state facts sufficient to constitute a cause of action and

declaring that the complaint should and would be dismissed with costs, and that it also appears that the plaintiff moved that said decision be entered as a judgment and the court so ordered, nevertheless a copy of the judgment is not included in the transcript of the record in the appeal, although there is a note reading as follows:

"This judgment is entered on March 15, 1913. (Signed) J. L. Pereyó."

The respondents have failed to call our attention to this omission; nevertheless we should consider whether the lack of a copy of the judgment deprives us of jurisdiction to decide this appeal.

According to section 299 of the Code of Civil Procedure as amended by Act No. 70 of March 9, 1911, the certificate to be issued by the secretary of the court *a quo* or by the attorneys of the parties, the judgment roll and the notification of the appeal shall constitute the record of an appeal to this court. The said act does not state what documents shall form the judgment roll, but only states that a bill of the exceptions taken during the trial, approved by the court, and a statement of the case, shall be included therein. Therefore we must look to the Code of Civil Procedure, which in section 233 sets forth what documents shall compose the judgment roll, one of said documents being a copy of the judgment appealed from.

We have already decided in many cases that the ruling of the lower court sustaining a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action is not appealable and that the appeal should be taken from the judgment entered as a consequence of such ruling. It is true that besides the appellant's statement in his notice of appeal that the appeal is taken from the judgment, the secretary certified that the judgment was entered, but the judgment itself is what should appear in the record and its omission cannot be supplied by a mere reference thereto in the notice of appeal, in the statement of the

case, in the bill of exceptions or in any other part of the record. Neither is the note or memorandum of the secretary sufficient to supply this omission inasmuch as it does not contain the decision of the court but only the simple statement that a judgment was rendered. 2 Cyc., 1031, and cases there cited under note No. 6.

The said references cannot take the place of the provision of law that a copy of the judgment shall form a part of the transcript of the record, and besides, they do not inform us of the terms in which the judgment was entered. As we have stated in the ·case of *Louiel* v. *Vázquez,* ante p. 594, "An appeal is a statutory privilege and he who exercises it must comply with the formalities required by law." * * * "The rule laid down with regard to the omission of the notice of appeal is equally applicable to the omission of the order appealed from, inasmuch as the record should show affirmatively all the requisites required by law in order that the appellate court may acquire jurisdiction of the case, and should contain the order, decree or judgment appealed from. *Savings and Loan Society* v. *Meeks,* 66 Cal., 374. This doctrine has been established by us also in the case of *Jiménez* v. *Olmedo,* 13 P. R. R., 296, inasmuch as the rules of procedure are binding upon the parties."

The omission, then, of the said document deprives us of jurisdiction to decide this case and the appeal should be dismissed in accordance with the provisions of section 303 of the said code.

*Appeal dismissed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice MacLeary took no part in this decision.