## MICHAEL HAYES *v.* D. O. SHATTUCK.

The authority of an attorney at law to appear for parties for whom he enters an appearance in an action will be presumed where nothing to the contrary appears.

A voluntary appearance by a defendant gives jurisdiction of his person without the issuance of any summons. This was equally the case under the Practice Act as it stood in 1855.

Hayes *v.* Shattuck.

In an action of ejectment by a purchaser under a decree in a suit for foreclosure of a mortgage, to which the mortgagees were parties, against a subsequent lessee of the mortgagees, no question can be raised by the defendant as to the due execution of the mortgage. Of this fact the decree in the foreclosure suit is conclusive.

APPEAL from the Fourth Judicial District.

On the eleventh day of November, 1854, Daniel McMillan and Mary B., his wife, executed a mortgage to Geo. O. Whitney upon a lot in San Francisco on which they were then residing. The mortgage was signed and acknowledged by both parties, but in the body of the instrument the wife alone was mentioned as the grantor. In April, 1855, an action to foreclose this mortgage was commenced by Whitney in the Fourth District Court. A complaint was filed, but no summons was ever issued. On the sixth day of April an answer was filed on behalf of McMillan and wife by one W. M. Stewart, an attorney at law, and professing to act as the attorney for defendants, which answer admitted all the facts stated in the complaint, and authorized a judgment as prayed for. A decree of foreclosure was entered, under which the property was sold, and plaintiff became the purchaser, and at the expiration of six months received the Sheriff's deed. Subsequently McMillan and wife leased the premises to the defendant, who entered into possession. This action is ejectment by the plaintiff to recover the premises; and in his complaint he sets forth the proceedings by which he acquired the title. Defendant in his answer sets up his lease, and denies plaintiff's title, claiming that the mortgage was void, and that the Court had no jurisdiction of the persons of the defendants in the foreclosure action. A trial was had resulting in a verdict and judgment for plaintiff. Defendant moved for a new trial, which was denied, and from this order and the judgment he now appeals. All other material facts appear in the opinion.

*D. O. Shattuck,* Appellant *in pro. per.*

I. In the case of *Whitney et als.* v. *McMillan & Wife* the Court had no jurisdiction of the persons of the defendants nor of the subject matter.

1. To give a Court jurisdiction an action must be commenced.

(*Cohen ex parte*, 6 Cal. 329; *State Bank* v. *Caron*, 5 Eng. Ark. 479; *Randolph Co.* v. *Ralls*, 18 Ill. 29.)

2. At the date of these proceedings (April 6th, 1855) an action could be commenced only by filing a complaint, "and the issuance of a summons therein." (Pr. Act, sec. 22.)

Here no summons was ever issued. The change of the section, as it now stands, was made afterwards, and could not affect this suit. The thirty-fifth section does not help it. That provides that the voluntary appearance of the defendant shall be equivalent to the service of the summons; but does not dispense with its issue or make the complaint alone the commencement of an action. As there was no action commenced, of course the Court had no jurisdiction of the subject matter.

3. Until there was an action an attorney could not bind the parties, unless specially authorized. (Wood's Dig. p. 66, art. 140; *Herbert* v. *Alexander*, 2 Va. 503; *Jenkins* v. *Gillespie*, 10 S. & M. 34.)

The attorney, it will be seen, can bind his client in the various steps of an action, and "not otherwise." If there is no action, there is no attorney necessary nor presumption in his favor.

II. The judgment and decree of a Court without jurisdiction of the subject matter and of the persons is absolutely void. (*Parsons* v. *Davis*, 2 Cal. 421; *Whitwell* v. *Barbier*, 7 Id. 54: *Gray* v. *Hawes*, 8 Id. 562.)

III. The paper purporting to be a mortgage to Whitney was and is a nullity.

1. Mary B. McMillan was a married woman at that time.

2. The property was common property, and a homestead.

3. The deed, if anything, is the deed of the wife alone—the husband's name no where appearing as a grantor. It is her sole deed. (*Cincinnati* v. *Newell*, 7 Ohio, [N. S.] 37—cited 18 U. S. Dig. p. 395, sec. 197; *Agricultural Bank of Miss.* v. *Rice*, 4 How. U. S. 240.)

*Ingolsby* v. *Juan* (12 Cal. 575) does not controvert the above. Whether as a homestead or as common property, the deed of the wife alone is a nullity. (*Poole* v. *Gerrard*, 6 Cal. 73—affirmed in *Morse* v. *McCarty*, 7 Id. 346; *Revalk* v. *Kraemer*, 8 Id. 74.)

*E. Cook*, for Respondent.

I.    If the Court had jurisdiction of the parties in the foreclosure suit, the decree therein is conclusive as to the execution of the mortgage and the validity of the lien on the premises.

II.    The only object of a summons is to bring the parties into Court, and its issuance is unnecessary where the parties voluntarily appear.    (*Pollock* v. *Hart*, 2 Cal. 193.)

III.    An appearance by an attorney in an action will be presumed to have been by authority of the parties for whom he appears. (*Suydam* v. *Pitcher*, 4 Cal. 280 ; *Cronise* v. *Craghill*, 4 Id. 120; *Mahoney* v. *Pearman*, 4 Duer, 603.)

IV.    The mortgage having been signed by husband and wife was the deed of both, notwithstanding that the wife alone was named as grantor in the body of the deed.    (*Mesick* v. *Sunderland*, 6 Cal. 297 ; *Insgolsby* v. *Juan*, 12 Id. 564 ; *Carr* v. *Williams*, 10 Ohio, 308.)

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

This is an action of ejectment, in which the plaintiff claims title through a decree of foreclosure of a mortgage claimed to have been executed by one McMillan and his wife upon the premises in question.    The defendant claims under a lease from McMillan and wife.

On the trial, the plaintiff offered in evidence the record of the foreclosure proceedings, to which the defendant objected, on the ground that it appeared that no summons had been issued in the case, and no evidence was given of an authority to the attorney who put in an answer for the defendants.    The authority of an attorney at law to appear will be presumed where nothing to the contrary appears.    The question whether a married woman could alone authorize an attorney to appear for her does not arise, inasmuch as the appearance in the case in question was for both husband and wife.    Although the action is said, by section twenty-two of the Practice Act, to be commenced by the filing a complaint and issuing a summons, yet by section thirty-nine it is provided that

a voluntary appearance shall be equivalent to personal service of the summons. Putting in an answer is an appearance; and such an appearance must be held to be a waiver of the mere formality of issuing a summons, the service of which in such case becomes unnecessary. The only purpose of the summons is to bring the defendant into Court. It is constantly said by Courts, when actions are commenced by the service of process, as by *capias ad respondendum*, that a voluntary appearance waives all defects of process, even when objection is taken in the same action. Under our practice, the plaintiff, by filing his complaint, goes himself into Court; and although he may not choose to take out a summons, we think he cannot object to the defendant coming in and answering the complaint any more than he could object to the defendant's voluntary appearance after the plaintiff had taken out a summons which he did not choose to serve. Quite as little can the defendant in a collateral action object that there was no action pending after having voluntarily put in an answer to the complaint on file.

It is objected that the mortgage was not duly executed by the wife and her husband so as to bind the property; but all inquiry into that subject is concluded by the decree of foreclosure and sale in an action to which the persons executing the mortgage were parties.

Judgment affirmed.

