[S. F. No. 14971. In Bank.—February 1, 1934.]

DOROTHY TITCOMB, Petitioner, v. SUPERIOR COURT OF SANTA CLARA COUNTY et al., Respondents.

Paul Nourse and Thomas V. Cassidy for Petitioner.

E. L. Maxwell and Newby & Newby for Respondents.

SEAWELL, J.—This is a proceeding in *certiorari* to review certain orders of the Superior Court of Santa Clara County entered in a proceeding brought by A. A. Trippel to obtain custody of his two minor children, a boy and girl, aged respectively twelve and ten years, issue of his marriage with petitioner herein, Dorothy Trippel, also known as Dorothy Titcomb. By said orders, which were entered

*ex parte* without notice to petitioner Dorothy Trippel, the court decreed that A. A. Trippel should have the custody of said children pending hearing on his application for permanent custody, and thereafter said court cited petitioner herein to show cause why she should not be punished for contempt for disobedience of said custody orders and unlawful interference with their execution. After granting the writ of review this court stayed further proceedings in respondent court, and thereby restrained further prosecution of the contempt hearing.

The parties were married in the state of Arizona in 1919, and resided in that state several years before removing to California. They separated in September, 1928, and Mrs. Trippel thereafter brought suit for divorce in the county of Los Angeles. An interlocutory decree was entered in her favor, and the custody of the children awarded to her, with permission to take them to the home of her parents in Arizona. A final decree of divorce was never entered in said action.

Dorothy Trippel alleges in her petition for writ of review filed herein that she obtained a divorce from A. A. Trippel in Santa Cruz County, state of Arizona, on December 5, 1931. Said decree made no provision for the custody of the children, who were then in California. Prior to the commencement of the divorce action, A. A. Trippel had brought a proceeding in Arizona to obtain custody of the children, and in said proceeding the court of Cochise County, by decree rendered on June 26, 1931, had awarded the mother custody for nine months of the year, and the father custody for the three months of June, July and August of each year, with the provision that if either party should violate any provision of the decree such party should forfeit all right to custody. On September 1, 1931, A. A. Trippel failed to return the children to petitioner, but prior thereto, in violation of the express provision of the custody decree, removed them to California, and brought an action for divorce in the Superior Court of Sacramento County in 1932. In said action he prayed that the custody of the children be awarded to him. Petitioner procured extradition of A. A. Trippel from California to Arizona on a charge of kidnaping the children. He appeared before the

court in Cochise County and was adjudged guilty of contempt. On June 1, 1932, said court, with the children present in person, found that A. A. Trippel had forfeited all custody rights, and ordered that Dorothy Trippel have continuous custody. On August 27, 1932, said court granted her permission to remove the children to California. The several Arizona decrees and orders referred to in the petition for review are annexed to said petition as exhibits.

On April 6, 1933, A. A. Trippel filed an application in the Superior Court of Santa Clara County praying that permanent custody of the two children be awarded to him, and that Dorothy Trippel be cited to show cause why his application should not be granted. He alleges therein that he and Dorothy Trippel ''are married, and not legally divorced, and that they are living separate and apart''. On information and belief he alleges that the children are not now in the ''legal custody'' of their mother, and that they are in Los Angeles County. He does not allege that he is a resident of Santa Clara County, or make any averment whatsoever as to his place of residence. Notwithstanding the father's application contained no prayer for custody pending hearing, the court made an *ex parte* order on the day the application was filed that the father have custody pending the hearing of the application, and on April 13th, seven days later, made a further *ex parte* order that the sheriff of Los Angeles County forthwith obtain said minors and deliver them into the custody of A. A. Trippel. On May 1st, said court ordered that Dorothy Trippel be cited to show cause why she should not be punished for contempt for unlawful interference with the execution of said custody orders. She thereafter filed a special appearance, through her attorney, objecting that the Santa Clara County court had no jurisdiction of said minors, which objection was overruled. It appears from the record of a partial hearing held on July 25, 1933, before this court had granted a stay of proceedings, that prior thereto the children had been removed to Arizona by their mother.

We are of the view that the *ex parte* custody orders in the circumstances appearing from the record herein are void and in excess of the jurisdiction of the court. Before considering the grounds which render said orders invalid, it is

pertinent to make certain preliminary observations regarding the custody proceedings herein.

It is apparent from the allegations of A. A. Trippel's application for custody, to the effect that he and his wife are "not legally divorced" and the children are not in the "legal custody" of their mother, that he proposes to attack the legality of the Arizona divorce and custody decrees. As noted above, the divorce decree made no provision for the custody of the children. It must be conceded that although the Arizona divorce and custody decrees were in all respects valid, the courts of the state of California would nevertheless have jurisdiction upon the children thereafter becoming residents or inhabitants of this state to determine their custody in accordance with their best welfare. (*De La Montanya* v. *De La Montanya,* 112 Cal. 101, 116 [44 Pac. 345, 53 Am. St. Rep. 165, 32 L. R. A. 82] ; *Anthony* v. *Tarpley,* 45 Cal. App. 72 [187 Pac. 779].) It is of the inherent nature of custody decrees, whether entered in divorce proceedings or independently thereof, that they are not final and conclusive, but subject to modification in the state where rendered as circumstances change. Where children whose custody has been the subject of judicial inquiry in another state subsequently become residents or inhabitants of this state, they are subject to the supervisory jurisdiction and guardianship of this state, to be exercised for their protection. The paramount concern in awarding custody as between parents is the welfare of the child, who is not the property of his parents. If it appears that the circumstances upon which the prior order of another state is based have not changed, our courts, on principles of comity, may refuse to decree a change of custody, but the decree of the other state is never a bar to inquiry as to the best interests of the child. (*In re Wenman,* 33 Cal. App. 592 [165 Pac. 1024].)

It follows in the case herein that the right of this state to inquire into the custody of the minors, provided they are residents or inhabitants of this state, does not depend upon the Arizona custody decrees being subject to collateral attack on jurisdictional grounds. Nor does the right to maintain a custody proceeding in this state depend upon the validity or invalidity on jurisdictional grounds of the Arizona divorce decree. Although A. A. Trippel by alleg-

ing that he and his wife are "not legally divorced", but living separate and apart, no doubt intended to invoke the provisions of section 214 of the Civil Code, providing for inquiry into the custody of children when the parents live in a state of separation without being divorced, a failure to establish his allegation that they were not legally divorced would not bar a custody decree. The courts of this state, as indicated above, have inherent jurisdiction without express statutory provision therefor to inquire into the custody of children resident in this state, although their parents may have been validly divorced in another state, either with or without provision for custody of the children of the marriage.

Petitioner Dorothy Trippel contends that our courts are without jurisdiction to take children from the custody of one parent and award them to the other parent by *ex parte* order entered without notice and hearing. In the absence of a judicial adjudication, the mother has equal rights with the father to the custody of their children while they live in a state of separation. (Sec. 198, Civ. Code.) There can be no doubt that our courts are without jurisdiction to make a permanent custody order taking the child from the mother without hearing and notice (*Ex parte Becknell,* 119 Cal. 496 [51 Pac. 692]; *In re Dahnke,* 64 Cal. App. 555 [222 Pac. 381]; *In re Arkle,* 93 Cal. App. 404 [269 Pac. 689]; note, 76 A. L. R. 242), but the question herein is whether under any circumstances jurisdiction exists to make an *ex parte* order for temporary custody pending hearing. We are of the view that such a power exists where necessary for the protection of the child, whose welfare is the paramount consideration in these proceedings.

Section 1442 of the Probate Code (formerly 1747 of the Code Civ. Proc.), provides that in a guardianship proceeding "when it appears to the court or judge either from a verified petition or from affidavits, that the welfare of the minor will be imperiled if he is allowed to remain in the custody of the person then having his care, an order may be made providing for his temporary custody until a hearing can be had on the petition. And when it appears that there is reason to believe that the minor will be carried out of the jurisdiction of the court, or will suffer irreparable injury before compliance with such order providing for the tem-

porary custody of the minor can be enforced, the court or judge, at the time of making the order for temporary custody, may cause a warrant to be issued, reciting the facts, and directed to the sheriff, coroner, or a constable of the county, commanding such officer to take the minor from the custody of the person in whose care he then is and place him in custody in accordance with such order''. This section applies in proceedings brought by one parent claiming guardianship adversely to the other parent. A decree awarding custody to a parent claiming adversely to the other parent differs only in formal respects from a decree appointing one parent guardian of the person of the child. The effect in either case is to confer upon the party appointed the care and custody of the child. We regard section 1442 as plainly applicable where a parent seeks custody of the child—that is, his guardianship—through a custody order, as well as where he prays for issuance of letters of guardianship on the person of the child.

Although the contrary view has been expressed in another jurisdiction (*Gitsch* v. *Wright*, 61 Utah, 175 [211 Pac. 705]), we are of the opinion that even in the absence of express statutory authorization the courts of this state would have inherent power, either where letters of guardianship are prayed for or where the prayer is for custody, to take the child from the person having its care by such a temporary custody order as is provided for in section 1442 of the Probate Code. This follows from the premise that the controlling factor is the welfare of the child, rather than the rights of those claiming its custody. This summary power should be exercised with extreme caution where the child is in the care of the other parent.

Although petitioner Dorothy Trippel cannot succeed in her contentions urged as to the questions above discussed, her claim that the two *ex parte* custody orders entered by the Superior Court of Santa Clara County are, in the particular circumstances of this case, void and in excess of the jurisdiction of the court, must be sustained.

■ Upon an examination of the provisions of our law relating to the guardianship and custody of minor children, we find that jurisdiction of our superior courts depends upon the child being an inhabitant or resident of the county. Section 1440 of the Probate Code, confers juris-

diction to appoint a guardian of the person of a minor on the superior court of the county in which the minor "resides or is temporarily domiciled". Petitions filed under the Juvenile Court Act (2 Deering's Gen. Laws, 1931, p. 2079, sec. 3) must show that the minor "is within the county, or residing therein". The right of the court of the county of which the minor is an inhabitant to entertain a custody or guardianship proceeding, notwithstanding his legal residence is elsewhere, has been sustained repeatedly. (*Ricci* v. *Superior Court,* 107 Cal. App. 395 [290 Pac. 517] ; *In re Green,* 67 Cal. App. 504 [226 Pac. 76] ; *Collins* v. *Superior Court,* 52 Cal. App. 579 [199 Pac. 352].) The statutory provisions as to jurisdiction in guardianship and custody proceedings are legislative enactments of well-settled jurisdictional principles. The requirement as to the child being a resident or inhabitant of the county where the proceeding is instituted is jurisdictional in nature. In *De La Montanya* v. *De La Montanya,* 112 Cal. 131, 133 [44 Pac. 354], it is declared that jurisdiction to appoint a guardian for infants under the American system is entirely local.

In the case herein there is no contention that the two minor children were ever actually resident, in the sense of being physically present, in Santa Clara County. A. A. Trippel alleged in his application for custody that they were in Los Angeles County. The jurisdiction of the Santa Clara County court to adjudicate their custody must, if it is to exist, be predicated upon their being legally resident in said county by virtue of the fiction of law that the residence of the father is the residence of the minor child. This fiction could prevail only on the theory that the father was resident in said county, and that the Arizona decrees awarding custody to the mother were invalid and in excess of the jurisdiction of the Arizona court. (Sec. 52, Pol. Code.) Otherwise, the residence of the mother, admittedly in Los Angeles when the custody application was filed, would determine the residence of the children. (Sec. 213, Civ. Code; sec. 1500, Probate Code.)

It was held in *De La Montanya* v. *De La Montanya,* 112 Cal. 101 [44 Pac. 345, 53 Am. St. Rep. 165, 32 L. R. A. 82], and Id., 112 Cal. 131 [44 Pac. 354], that where the children whose custody and guardianship are sought to be

adjudicated are absent from the state, together with their father, when the proceeding is commenced and continuously thereafter, their custody cannot be determined, although their legal residence or domicile is in the county in this state wherein the proceeding is brought. The question whether the county of the father's residence, where it is the *legal* residence of the child, can entertain a proceeding for custody or guardianship, and upon securing the presence of the child within the jurisdiction by citation to produce him directed to the mother within the state, adjudicate custody or guardianship, although said minor is not and never has actually resided in said county, but has actually resided with his mother in another county in this state, does not seem to have been decided. It is not necessary to decide this question in the case herein, for the reason that the father's application for custody contains no allegation that he is or ever has been a resident of Santa Clara County, or any allegation whatsoever as to his place of residence, and the transcript of evidence introduced upon the partial hearing held on July 25, 1933, which is embodied in the return to the writ of review, reveals that he was not at the date of the filing of the application, or at the date of said hearing a resident of Santa Clara County, and that he never had been a resident of said county. The most that can be said is that he may intend some time in the future to take up his residence in said county. Therefore, on no theory could the two minor children herein be residents of Santa Clara County.

In the answer to the petition for writ of review it is contended that the failure of the application for custody, or the *ex parte* orders based thereon, to recite the jurisdictional facts did not render said orders void; that insufficiency of the pleadings or findings goes to the jurisdiction of the court only in certain proceedings, which, unlike custody and guardianship proceedings, are purely statutory and unknown to the common law. (*Chollar Min. Co.* v. *Wilson*, 66 Cal. 374 [5 Pac. 670]; *Elberta Oil Co.* v. *Superior Court*, 74 Cal. App. 114 [239 Pac. 415].)

The answer to respondent's contention is that the verified application upon which the *ex parte* orders are based is something more than a pleading. By section 1442 of the Probate Code, the summary *ex parte* order for temporary custody

is authorized to be entered only upon a verified application or affidavits from which it appears that the welfare of the minor is imperiled, and a warrant to procure the minor is authorized upon a showing that there is reason to believe that the minor will be carried out of the jurisdiction, or suffer irreparable injury. Although not expressly stated in section 1442, the jurisdictional fact of the minor's residence in the county should also be averred in the verified petition or affidavits. The verified petition or affidavits are a form of evidence, which is permitted, in the necessities of the case, to establish the jurisdictional facts in lieu of their proof at a hearing held upon notice. It is the rule that the sufficiency of the evidence to establish the jurisdictional facts may always be inquired into in proceedings in *certiorari*. (4 Cal. Jur. 1110; *Stumpf* v. *Board of Supervisors*, 131 Cal. 364 [63 Pac. 663, 82 Am. St. Rep. 350]; *Dreher* v. *Superior Court*, 124 Cal. App. 469 [12 Pac. (2d) 671].) Where, in the exigencies of the case, such facts are required to be established by evidence of a particular kind, as in the instant case by affidavit or verified petition in the nature of an affidavit, and such affidavit or petition wholly fails to establish the residence of the minors in the county of Santa Clara, the *ex parte* orders based thereon are void, and will be annulled on *certiorari*. Even in the absence of a particular statute we are of the view that a court in exercising supervisory jurisdiction over children would be without right to make a summary *ex parte* custody order taking the children from the care of their mother without proof by affidavit or by verified petition of the jurisdictional facts and a showing of the necessity therefor.

In the case herein not only is there a failure to show the jurisdictional facts as to the residence of the minors, but the application fails to allege that the welfare of the children will be imperiled if they are allowed to remain with the mother pending hearing, or that the applicant has reason to believe they will be carried from the jurisdiction, or to set forth facts from which these requisites may be inferred. The father does not even pray for an order for temporary custody. The right of the court to take the custody of the children from their mother by *ex parte* order is a summary emergency measure, and the require-

ment that the affidavits or verified petition make a showing of necessity therefor is jurisdictional.

As noted above, on July 25, 1933, a partial hearing was had in the Superior Court of Santa Clara County on the father's application for custody before issuance of the writ of review and stay by this court, and a transcript of the proceedings taken at said hearing has been made a part of the return to the writ of review. During the course of said hearing, A. A. Trippel filed an amended application for custody, wherein he averred that he was an inhabitant of California, resident in the county of Santa Clara. Said amended application would not validate the void *ex parte* custody orders entered several months previously, or give vitality to the contempt proceedings based on said orders. (*In re Dahnke*, 64 Cal. App. 555, 566 [222 Pac. 381].) Furthermore, as noted above, it conclusively appears from the testimony of A. A. Trippel elicited on cross-examination by counsel for Dorothy Trippel, that he was not at the date of filing the application or at the date of the hearing a resident of Santa Clara County, and that he never had been a resident of said county, but giving the broadest possible interpretation to the evidence, the most that can be said is that he has an intent to take up his residence in said county some time in the future. The court should have granted the motion of counsel for Dorothy Trippel to dismiss the action on the ground that it was improperly brought in Santa Clara County. Petitioner Dorothy Trippel applied to this court for a writ of prohibition as well as for a writ of review. We granted the writ of review, on the theory that full relief could be afforded to her through said writ. In reviewing the proceedings in the court below upon said writ, we find that the custody proceeding initiated on April 6, 1933, should be dismissed, and in annulling the two *ex parte* orders and the contempt order based thereon, it is competent for this court to prohibit further prosecution of said custody proceeding and direct the court below to dismiss said proceeding.

In this proceeding in review the question of the relative fitness of the parents to have the care of their minor children is not involved. Before the court below had completed its inquiry into that subject the stay of proceedings issued from this court. The mother was not present at the hear-

ing of July 25th, and no testimony was offered in her behalf. Suffice it to say, that if she were guilty of the acts of gross immorality with which A. A. Trippel charges her over a period of years commencing while they were still living together as husband and wife, it is inconceivable that the Arizona court would have sustained her right to custody when it was challenged.

The custody orders of April 6, 1933, and April 13, 1933, and the order and citation for contempt are annulled and set aside, and further prosecution of the custody proceeding commenced on April 6th is prohibited, and the court below directed to dismiss said proceeding.

Curtis, J., Langdon, J., Preston, J., and Waste, C. J., concurred.