[Civ. No. 8212.   Third Dist.   .Aug. 18, 1953.]

MARY BEABOUT, Respondent, v. LELAND R. BEAM, Appellant.

John M. Price for Appellant.

Frank K. Richardson for Respondent.

SCHOTTKY, J.—In October, 1950, appellant was granted a decree of divorce from respondent by the Circuit Court of Clinton County, Indiana, and said decree awarded the custody of the three minor children of the parties to appellant father with the right of respondent mother to visit the children at reasonable times. In March, 1951, appellant, with the three minor children, removed to California and established a home in Sacramento, the household consisting of appellant, the three minor children, aged 12, 9 and 4, and appellant's mother. On July 31, 1951, the Judge of the Circuit Court of said Clinton County entered an order purporting to modify the decree by granting the custody of the three minor children to respondent, but said order was obtained without notice and it is conceded that it was of no effect. Respondent demanded that appellant surrender the custody of the children to her and upon his refusal to do so commenced an action in the Superior Court of Sacramento County to regain the custody of the children, the first cause of action set forth in the complaint being based on the order modifying the decree, and the second cause being based on respondent's allegation that she was now in a position to adequately provide for said children and the best interests of the children would be served by awarding them to her.

A demurrer was sustained to the first cause of action because the purported modification of the divorce decree was of no effect, having been made without notice, and the cause proceeded to trial upon the second cause of action before Honorable J. O. Moncur, a retired Superior Judge, who was sitting in the Superior Court in Sacramento County under assignment by the Judicial Council pursuant to the provisions of section 6 of the Judges' Retirement Act. (Stats. 1951, ch. 1641, 2 Deering's Gen. Laws, Act 5849a.) Evidence was introduced by both parties and thereafter the court on December 7, 1951, ordered, adjudged and decreed as follows:

"IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the custody of the minor children of the parties hereto, to-wit: ARIEL BEAM, DINAH BEAM, and DARRELL BEAM, be and the same is hereby given and awarded to plaintiff MARY BEABOUT for the purpose of taking the said minor children to the State of Indiana for further proceedings herein, said order and award to be without prejudice to the defendant LELAND R. BEAM in asserting and adjudicating in any custody proceeding in Indiana his rights and claims to the custody of the said children."

On December 10, 1951, the court made and filed an amended order, superseding the original order, which ordered, adjudged and decreed as follows:

"1. This Court will not rule upon the issues presented by the Complaint of plaintiff, MARY BEABOUT, formerly MARY E. BEAM, and the Answer of the defendant, LELAND R. BEAM.

"2. The actual physical custody of the minor children of the parties, to wit, ARIEL BEAM, DINAH BEAM, and DARRELL BEAM, be and the same is hereby given and awarded to plaintiff, MARY BEABOUT formerly MARY E. BEAM, for the purpose of removing the said minor children from the State of California and taking the said three minor children to the State of Indiana, said actual physical custody of the said three minor children to be and remain in the plaintiff, Mary Beabout, formerly Mary E. Beam unless and until such actual physical custody is changed by reason of a Decree or Order of a Court of competent jurisdiction in the State of Indiana; the Order here made is without prejudice to the right of the defendant, LELAND R. BEAM, to institute proceedings in a Court of competent jurisdiction in the State of Indiana for the purpose of asserting and adjudicating his right to the actual physical custody of the said minor children."

Appellant father has appealed from both orders and makes

two major contentions: (1) That the Honorable J. O. Moncur was not constitutionally a judge so as to have power to render a decree in this case; and (2) That the court's order and decree cannot be sustained because the court specifically declined to rule upon the issues presented by the complaint and answer, and that the court had no power to make the decree that it made without determining the issues presented by the pleadings and at the trial.

The greater portion of the briefs filed are devoted to a discussion of the question of the constitutionality of section 6 of the Judges' Retirement Act, *supra,* which section reads as follows:

"Justices and judges retired under the provisions of this act, so long as they are entitled by its provisions to receive a retirement allowance, shall be judicial officers of the State, but shall not exercise any of the powers of a justice or judge except while under assignment to a court as hereinafter provided. Any such retired justice or judge may, with his own consent, be assigned by the Chairman of the Judicial Council to sit in a court of like jurisdiction as, or higher jurisdiction than, that court from which he was retired; and while so assigned shall have all the powers of a justice or judge thereof . . .."

We have concluded that the orders appealed from must be reversed upon the second ground urged by appellant, and for that reason we deem it unnecessary to pass upon the constitutionality of said section 6. Furthermore, the question of the constitutionality of said section is now before our Supreme Court in another action, and it would serve no useful purpose for us to pass upon the question of constitutionality when it is not necessary to a decision in the instant appeal. We shall, therefore, proceed to discuss the question as to whether the order and decree made by the court can be sustained.

As hereinbefore stated, the matter proceeded to trial upon the second cause of action which was a cause of action by respondent against appellant for the custody of the three minor children, the complaint alleging that she was a fit and proper person to have custody of the children; that she had remarried since the divorce decree and maintained a home in Lafayette, Indiana, in which she could adequately care for the children; and that the best interests of the children would be served by awarding their custody to her. The answer of appellant denied the material allegations of the complaint and set up a separate defense that a decree of the Circuit

Court of Clinton County, Indiana, had granted appellant a divorce from respondent upon the ground of adultery and had awarded the custody of the minor children to him and that there had been no change in circumstances which would warrant a change of custody of said children.

Respondent and her present husband testified in support of the allegations of respondent's complaint. Their testimony showed that respondent separated from appellant in May, 1950, and lived with her present husband and married him four days after appellant was granted a divorce on his cross-complaint, as hereinbefore set forth; that they now have a suitable home in which to care for the minor children and that respondent's present husband was earning a sufficient income to enable him to support them, even though he had to pay $50 for the support of his two children by his first marriage.

Appellant, his mother, and a neighbor gave testimony tending to show that appellant had established a good home for the children in Sacramento; that he has a good position and that the children were well cared for.

It is apparent from the record here that the court was of the opinion that the matter of the custody of the minor children should be decided by the Circuit Court of Clinton County, Indiana, and that appellant had violated the decree of that court by bringing the children to California, and the court thereupon specifically declined to rule upon the issues presented by the pleadings, but instead ordered the children into the custody of respondent for the purpose of taking them back to Indiana. ■ The divorce decree did not prohibit the appellant from removing the children from the state of Indiana and we do not consider that appellant committed any illegal act or contempt in moving with them to California when he had the opportunity of a better position. (*In re Dowell*, 4 Cal.App.2d 688 [41 P.2d 596].) Respondent's own testimony in this proceeding showed that she had lived with her present husband prior to the date on which appellant was granted the divorce decree and that she had married him nine days thereafter. It is quite understandable that under such circumstances appellant might wish to move with the children to another state.

■ The Superior Court of the State of California had power to pass upon the issues presented by the pleadings and to determine whether or not there had been such a change of circumstances since the entry of the Indiana divorce decree

as to make it for the best interests of the minor children that their custody be given to respondent. For as stated in *Foster* v. *Foster,* 8 Cal.2d 719, at page 727 [68 P.2d 719]:

"This same rule that former decrees of custody may be modified only upon a showing of change of circumstances arising subsequent to the entry of the former decree applies with equal force to the question of the finality of the decree of custody of a sister state made and entered in a divorce proceedings. It has been so held in the cases of *In re Wenman,* 33 Cal.App. 592 [165 Pac. 1024]; *In re Marshall,* 100 Cal.App. 284 [279 Pac. 834]; *In re Livingston,* 108 Cal.App. 716 [292 Pac. 285]; *Titcomb* v. *Superior Court,* 220 Cal. 34 [29 Pac.(2d) 206]. The case of *In re Livingston, supra,* quotes with approval from *In re Marshall, supra,* and says: 'The quotation just set forth . . . indicates the rule generally prevailing that a decree of a court of one state having jurisdiction, relating to the custody of minor children is under the doctrine of comity prevailing among sister states and, subject of course to the right of the parties to show a change of circumstances or conditions, entitled to recognition in another state.' This same case also quotes with approval from a case note appearing in 20 American Law Reports at page 815, where the authorities on the subject are collected, as follows: ' ''With some variation of statement, and an occasional intimation to the contrary, it is established by the great weight of authority that in the absence of fraud or want of jurisdiction, affecting its validity, a decree of divorce awarding the custody of a child of the marriage must be given full force and effect in other states as to the right to the custody of the child at the time and under the circumstances of its rendition; but that such a decree has no controlling effect in another state as to the facts and conditions arising subsequently to the date of the decree; and the courts of the latter state may in proper proceedings, award the custody otherwise upon proof of matters subsequent to the decree which justify the change in the interest of the child.'' ' (See, also, note, 72 A.L.R. 442.)'' (See, also, 9 Cal.Jur. ''Divorce and Separation'' § 142; *Titcomb* v. *Superior Court,* 220 Cal. 34 [29 P.2d 206]; *Dotsch* v. *Grimes,* 75 Cal.App.2d 418 [171 P.2d 506]; *In re Bauman,* 82 Cal.App. 2d 359 [186 P.2d 154].)

The decree of the Indiana court was entitled to full force in California, and under that decree appellant was entitled to the custody of the three minor children. While respondent was entitled to come into California and file this

action to regain the custody of the children, she could only be entitled to regain said custody upon a finding by the court that there was such a change of circumstances as to justify the change. The only issue before the court was whether or not there had been such a change of circumstances that the best interests of the children would be served by awarding their custody to respondent.

Upon the record in the instant case it is difficult to see how the court could have made such a finding, but it is not necessary to decide whether such a finding would have been sustained by the record because the court specifically declined to rule upon the issues properly before the court and so stated in the order. There is therefore no finding to support the orders made by the court, and for that reason the said orders must be reversed.

The orders appealed from are reversed.

Van Dyke, P. J., and Peek, J., concurred.