[Civ. No. 8402. Third Dist. Mar. 16, 1954.]

Guardianship of the Person and Estate of THOMAS F. LEE, JR., a Minor. JOSEPHINE A. VEGOD, Appellant, v. THOMAS F. LEE, Respondent.

James H. Phillips for Appellant.

MacBride & Gray for Respondent.

SCHOTTKY, J.—On August 18, 1952, appellant filed in the Superior Court of Yolo County a petition for her appointment as guardian of Thomas F. Lee, Jr., the 5-year-old child of appellant and respondent. Her petition alleged that the minor was a resident of Yolo County and was residing with her in said county; that respondent father resides at Columbus, Ohio; that by a decree of the Court of Common Pleas in Franklin County, Ohio, on October 8, 1951, respondent was awarded the "exclusive care, custody and control" of said minor; that by reason of changed circumstances the custody of the minor child should be awarded to her, such changed circumstances being alleged to be that "Your petitioner is now married and has established her home in the said City of Woodland, County of Yolo, State of California; that the child is of tender years, to wit: five (5) years; that the health and well-being of said child will be promoted by awarding letters of guardianship to your petitioner in that she is able to provide a home and love and care for said child."

On December 2, 1952, respondent, appearing specially for that sole purpose in the proceeding, filed notice of motion to dismiss the guardianship petition on the grounds that the Ohio courts have a more substantial interest in the custody of the minor than do the courts of this state, that respondent is entitled to custody of the minor by reason of the Ohio divorce decree, that appellant brought the minor to this state in violation of the Ohio decree and is now in contempt thereof, that respondent was not personally served in this state in the guardianship proceeding, and that respondent is a resident of Ohio and it would be unjust to require him to come to this state to protect his custody rights in and to the minor. Respondent filed an affidavit in support of his motion and submitted a certified copy of the Ohio decree. Appellant filed an affidavit in opposition. The allegations of the affidavits are highly conflicting, the respondent claiming that he allowed appellant to take the child for a visit upon her promise to return the child to him, and appellant claiming that respondent agreed she should have and keep the child, that the child has been with her since October 1, 1951, and respondent has made no effort to see or get the child, nor has he contributed any-

thing to the child's support, although respondent had appellant's California address, and that respondent obtained the Ohio divorce decree without her knowledge, by publication of summons using a fictitious address although he knew appellant's true address.

The motion to dismiss was made, heard and granted on December 8, 1952. The court's minutes show that the motion was made by counsel "on the ground that the California courts do not have proper jurisdiction of said minor by reason of a Decree of Divorce granted in the Court of Common Pleas, Franklin County, Ohio, Division of Domestic Relations, granting the exclusive care, custody and control of said minor child to petitioner herein [respondent]," and that the court "granted the motion as prayed." The order of dismissal with prejudice was filed the following day, and it recites that the court duly heard and considered the affidavits, proofs and arguments of the parties. This appeal is from the order granting the motion to dismiss.

Appellant contends that the court erred in dismissing her petition and that (1) the trial court does have jurisdiction to hear the matter, and (2) in the best interests of the child the court should hear and decide the matter on its merits. Appellant argues that she is entitled to assert in the superior court in California any legal grounds she may have for an order giving custody of the child to her or otherwise modifying the decree of the Ohio court, and that she is entitled to have the petition heard on its merits so that she may have an opportunity to show that since entry of the Ohio custody order the father has become an unfit or unsafe person to have the care and control of the child, or that changed circumstances affecting the welfare of the child have arisen. She further argues that the custody order can be modified even if there be no change in circumstances, and she points to the fraudulent manner in which, she says, respondent obtained the divorce decree, affording her no opportunity to resist his application for custody of the child. It may be noted in this regard that the divorce decree recites that appellant was legally summoned by publication but failed to appear. She argues also that even though she brought the child into California in defiance of the Ohio order, that order should be changed if she can establish by allegations and proof that the welfare and best interests of the child will be jeopardized by continuing custody in respondent.

Respondent in reply concedes that the court below has jurisdiction over the matter of the child's custody, but argues that the court properly decided to leave the matter to the Ohio courts for settlement. The motion to dismiss, says respondent, was made and granted on the grounds that the courts of Ohio have more substantial interest in the custody of the minor than do the courts of this state, and that it would be contrary to the interests of justice to require respondent to travel from Ohio to California to protect his custody rights. In support of this argument, respondent points to the notice of motion to dismiss, which states that the motion would be made on these grounds, and to the court's minutes which state that the motion was granted as prayed. Respondent also points out that appellant's petition contains no allegations that respondent has become an unfit or unsafe person to have the care and control of the minor, or allegations to the effect that the minor is in danger as to its safety, morals or reasonable comfort, or allegations attacking the Ohio decree on grounds of fraud or otherwise. Finally, respondent contends that the court below did not commit reversible error in dismissing appellant's petition.

 Section 1440 of the Probate Code provides that the superior court of the county in which a minor resides or is temporarily domiciled may appoint a guardian for his person and estate or person or estate "when it appears necessary or convenient." As stated in 13 California Jurisprudence, page 162: "The filing of the petition gives the court jurisdiction of the subject matter. The petition is not subjected to the tests given to complaints in actions at law. If enough is stated to inform the court that it should interfere, the petition is sufficient, and the duty then devolves upon the court to inform itself, and take such action as may seem proper." And as this court said in *In re Tilton*, 15 Cal.App. 244, at page 250 [114 P. 594] : "But in proceedings of the character here a petition is not subjected to the tests given to complaints in actions at law. If there is sufficient stated to inform the court that it should interfere for the protection of persons dependent upon it for protection, it is sufficient, and the duty is then devolved upon the court to inform itself, and take such action as may seem to be necessary and proper."

It is clear that appellant's petition for the appointment of a guardian was sufficient to give the court jurisdiction to hear the petition. Indeed, respondent states in his brief that "no

contention is made that the court did not have jurisdiction in the sense of power to hear the petition." ▆▆ And as respondent correctly states further:

"It has often been held by our appellate courts that the existence in full force and effect of the decree of a court of another state does not oust the jurisdiction of appropriate California courts to entertain proceedings touching the custody of minors within the borders of this state. *In re Kosh,* 105 Cal.App.2d 418, 421 [233 P.2d 598] ; *Sampsell* v. *Superior Court,* 32 Cal.2d 763, 780 [197 P.2d 739] ; *Titcomb* v. *Superior Court,* 220 Cal. 34, 39 [29 P.2d 206]."

In *Sampsell* v. *Superior Court, supra,* the court said at pages 779, 780:

"Thus, if the child is living in one state but is domiciled in another, the courts of both states may have jurisdiction over the question of its custody. It does not follow, however, that the courts of both states will exercise that jurisdiction and reach conflicting results. The court of one state may determine that the other state has a more substantial interest in the child and leave the matter to be settled there. On the other hand, if the jurisdiction of one state has been exercised over the child, there is no reason why, if the welfare of the particular child is a matter of real concern to the courts of another state, those courts may not also have jurisdiction, which might be exercised in the interest of the child 'with respectful consideration to the prior determination of other courts similarly situated.' (Stansbury, 10 Law and Contemp. Problems, *supra,* at pp. 830-831. See *Foster* v. *Foster,* 8 Cal. 2d 719, 726 [68 P.2d 719] ; *Titcomb* v. *Superior Court, supra,* 220 Cal. 34, 39.) In any event, there is no reason why the courts of one state should not be able to 'assume with confidence that the courts of the other jurisdiction will act with wisdom and sincerity in all matters pertaining to the welfare of this child.' (*Miller* v. *Schneider,* (Tex.Civ.App.) 170 S.W. 2d 301, 303.)

"The problem is not one of rendering custody decrees for the courts of other states to regard as final and conclusive determinations. Indeed such decrees are not given conclusive effect in our own courts, for under Civil Code, section 138, the court granting the decree 'may at any time modify or vacate the same.' In order to avoid interminable and vexatious litigation it is generally required that before modification or vacation of such a decree 'there must be a change

of circumstances arising after the original decree is entered, or at least a showing that facts were unknown to the party urging them at the time of the prior order . . .' (*Olson* v. *Olson*, 95 Cal.App. 594, 597 [272 P. 1113], quoted with approval in *Foster* v. *Foster, supra*, 8 Cal.2d 719, 726.) Whatever proof may be required for a modification or vacation of a custody decree, it is not a final judgment. (*Cooney* v. *Cooney*, 25 Cal.2d 202, 208 [153 P.2d 334].) As a matter of comity the courts of this state treat valid custody decrees of the courts of sister states with the same respect as custody decrees of California courts. (*Foster* v. *Foster, supra* at 728-729; *Titcomb* v. *Superior Court*, 220 Cal. 34, 39 [29 P.2d 206].) No more or less respect for California decrees is expected from the courts of other states. If the decrees of California courts with respect to child custody are subject to modification or annulment in this state, they are likewise subject to modification or annulment in any state having jurisdiction over the subject matter, for such a decree 'has no constitutional claim to more conclusive or final effect in the State of the forum than it has in the State where rendered.' (*New York* v. *Halvey*, 330 U.S. 610 [67 S.Ct. 903, 91 L.Ed. 1133, 1136]; see Harper, *Conflict of Laws*, 47 Columb.L.Rev. 883, 907-909.)

"Since the courts of this state do not finally and conclusively determine custody in a divorce proceeding, there is no reason to attempt to arrive at some basis for jurisdiction that should be accepted as final and conclusive in all states. It is a sufficient basis for jurisdiction that the state 'has a substantial interest in the welfare of the child or in the preservation of the family unit of which he is a part . . . and this jurisdiction may exist in two or more states at the same time.' (Stansbury, 10 Law and Contemp. Prob. *supra* at 831.)"

(See also *Beabout* v. *Beam*, 119 Cal.App.2d 768 [260 P.2d 145].)

Respondent argues that the question presented here is whether or not the court should exercise its jurisdiction. However, the difficulty with respondent's position is that while admittedly the court did have jurisdiction to determine the merits of appellant's petition, it did not do so, but, instead, dismissed the petition with prejudice.

As hereinbefore set forth, appellant had filed a petition for the appointment of a guardian for the minor. Respondent filed a notice of motion to dismiss the petition, the two grounds of the motion being (1) that the courts of Ohio

have a more substantial interest in the custody of the minor than do the courts of California; and (2) that respondent had not been personally served with notice of the petition in the guardianship proceeding and that it would be unjust to require him to travel from Ohio to California to protect his right to custody of said minor. Respondent's notice of motion stated that he was appearing specially for the purpose of the motion only, but because of the nature of the relief demanded it was in effect a general appearance in the guardianship proceeding, for the rule is that where a party asks relief other than quashing service of process upon him he submits himself to the jurisdiction of the court. For as stated in *Roberts* v. *Superior Court*, 30 Cal.App. 714, at page 720 [159 P. 465]:

". . . Their motion, as will be noted, was not to quash the summons, which was their proper remedy, but for a dismissal of the complaint on the ground that the court was without jurisdiction 'over the persons of the defendants *and the subject matter of the litigation.*'

"The motion to dismiss the complaint on the ground that the court was without jurisdiction of the subject matter of the action amounted, substantially or in legal effect, to a demurrer to the complaint on that ground. At all events, a motion to dismiss on the ground of want of jurisdiction of the subject matter of the action necessarily calls for relief which may be demanded only by a party to the record. It has been uniformly so held; as logically it could not otherwise be held, and, furthermore, that where a party appears and asks for such relief, although expressly characterizing his appearance as special and for the special purpose of objecting to the jurisdiction of the court over his person, he as effectually submits to the jurisdiction of the court as though he had legally been served with process. [Citing cases.]

"'It is the character of the relief asked, and not the intention of the party that it shall or shall not constitute a general appearance, which is material.' (2 Ency. Pl. & Pr. 625, notes and cases; *In re Clark*, 125 Cal. 388, 392 [58 Pac. 22].)"

It is clear that appellant was entitled to a hearing upon the merits of her petition for appointment of a guardian, and that there was no hearing upon the merits. It may well be that if there had been such a hearing and the evidence introduced was substantially the same as set forth in the affidavits, the court could have determined, under the au-

thorities hereinbefore cited, that it was not "necessary or convenient" that a guardian be appointed or that the Ohio courts have a more substantial interest in the custody of said minor than do the courts of California. These, however, are matters that could only be determined after a hearing upon the merits of the petition itself, and the court was in error when it granted respondent's motion to dismiss the petition for appointment of a guardian without such a hearing.

No other points raised require discussion.

The order granting the motion to dismiss is reversed.

Van Dyke, P. J., and Peek, J., concurred.