[Civ. No. 16518. Third Dist. Apr. 27, 1977.]

CARL EDWARD NEIHAUS, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
RACHEL VAILLANCOURT, Real Party in Interest.

**COUNSEL**

Barrett, Newlan & Matheny and Anthony J. Poidmore for Petitioner.

No appearance for Respondent.

Larry Lawson for Real Party in Interest.

**OPINION**

**REGAN, Acting P. J.**—In this petition for a writ of mandate/prohibition, petitioner seeks to prevent the trial of a personal injury action now pending before the respondent superior court.

On August 30, 1974, real party in interest (Rachel) filed a complaint in respondent court in Sacramento for personal injuries allegedly arising

out of an automobile collision occurring in the State of Nevada in December 1973. One of the defendants below (Neihaus) is the petitioner now before us, and is a resident of Nevada. Rachel is a resident of California who was riding in an automobile driven by a California resident, not a party to this proceeding. The pickup truck driven by Neihaus was registered to him in Nevada, he was licensed to drive in Nevada and at all times, including the time of personal service of the complaint and summons, was present in Nevada.

Because of the above factors, Neihaus moved the Sacramento Superior Court to quash service of summons for lack of jurisdiction in California. The motion was heard and granted on November 25, 1974.

Following the order quashing service of summons, Rachel filed with the sheriff in San Francisco a writ of attachment from the Sacramento Superior Court dated March 19, 1975, bearing the superior court case number of the instant case. The writ ordered levy upon "Liability insurer's contractual obligation to defend and indemnify defendant's [Neihaus'] debt owing." It was directed to and levied upon the insurance company carrying Neihaus' public liability insurance, which had an agent for service of process in San Francisco.

Neihaus again filed a motion in early April 1975 to quash on the same ground, no jurisdiction in the California courts. The motion was heard on April 29, 1975, and denied on May 6, 1975, on the authority of *Turner v. Evers* (1973) 31 Cal.App.3d Supp. 11 [107 Cal.Rptr. 390] (which held that jurisdiction quasi in rem may be obtained by attaching as property of a nonresident defendant over whom in personam jurisdiction cannot be obtained, his right under a liability insurance policy to have the insurer defend and indemnify him on the claim out of which the suit arises).

Faced with this situation, Neihaus' counsel filed an answer dated August 18, 1975. The answer contained details of all the allegations in the complaint and affirmative defenses of assumption of risk and negligence on the part of Rachel contributing to her alleged injuries. Also contained in the answer was a paragraph as follows: [¶] "By answering the complaint herein, this answering defendant [Neihaus] does not intend to subject his person to the jurisdiction of this court but is merely answering the complaint pursuant to the minute order rendered by the Honorable Joseph B. Babich dated May 6, 1975, wherein a quasi in rem type jurisdiction was recognized."

On August 20, 1976, Neihaus again filed another motion to quash which was denied after hearing. A motion to reconsider filed on November 10, 1976, was denied on December 17, 1976. Both of these latter motions by Neihaus were based upon the decision of the California Supreme Court (filed Aug. 2, 1976) in the case of *Javorek* v. *Superior Court,* 17 Cal.3d 629 [131 Cal.Rptr. 768, 552 P.2d 728]. Contrary to *Turner* v. *Evers, supra,* that case held that under California law an insurer's obligation to defend and indemnify the insured is not the type of interest which is subject to attachment as a basis for quasi in rem jurisdiction over the insured.

The petition at bench was filed with this court by Neihaus on December 27, 1976, seeking a peremptory writ of mandate and/or prohibition to prevent the matter from proceeding further. We issued our order to show cause and stay of proceedings on January 6, 1977.

Neihaus' basic contention is that the respondent superior court has no jurisdiction to proceed with the trial, for the reason that the superior court has neither personal nor quasi in rem jurisdiction over him. We agree that the superior court has no quasi in rem jurisdiction; nor would it ordinarily have in personam jurisdiction unless some act of Neihaus vested it with such.

■ With respect to quasi in rem jurisdiction, the issue is settled by the *Javorek* case. We put little stock in Rachel's argument that the *Javorek* case cannot be applied to this case because to do so would be giving it unconstitutional retroactive application. Since applying the law as enunciated in *Javorek* to the instant matter would not be a retroactive application of it, we need not consider whether such application would be constitutional. Neihaus' second motion to quash which was expressly based on the *Javorek* decision was filed on August 20, 1976, which was 18 days after the decision in *Javorek* was filed. The motion to reconsider, which took the form of a fully renewed motion with complete points and authorities, also based on the *Javorek* case, was filed on November 10, 1976, and denied on December 17, 1976, well after the *Javorek* decision was final. Even were we to consider the application of the *Javorek* rule to be retroactive in the sense that the cause of action in the instant case arose before the decision in *Javorek,* such application would not be unconstitutional since no contract rights or other vested property rights

were acquired under any former contrary law established by statute or the highest court of this state. (See *County of Los Angeles* v. *Faus* (1957) 48 Cal.2d 672, 680-681 [312 P.2d 680]; *Housing Authority* v. *Arechiga* (1962) 203 Cal.App.2d 159, 164 [21 Cal.Rptr. 464].)

Rachel also argues that to apply the *Javorek* decision retroactively to this matter would be illogical and overburdening on the plaintiff [Rachel]. Again conceding arguendo a retroactive application, this argument is simply specious. The superior court, like this court, has no choice but to apply a decision of the California Supreme Court which is controlling or in point and which can be constitutionally applied retroactively.

Having decided there was no quasi in rem jurisdiction, we must determine whether or not there was in personam jurisdiction. Neihaus insists that there was not; we agree with the trial court that there was.

■  Ordinarily no in personam jurisdiction is conferred by service upon a defendant in another state when there is neither presence, domicile, nor any act of the defendant within the state. (See 1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, §§ 76-77, pp. 600-601.) However, if such a defendant appears by formally answering a complaint, such an appearance is a general appearance and confers jurisdiction upon the court where none existed before. (*Op. cit., supra,* § 118, pp. 646-647; Code Civ. Proc., § 1014; *Brown* v. *Douglas Aircraft Co.* (1958) 166 Cal.App.2d 232, 236 [333 P.2d 59].) Neihaus' argument that the disclaimer clause contained in his filed answer has the effect of somehow transforming the answer into a special appearance for the limited purpose of challenging jurisdiction is without merit. It has been long established by decisions of the courts of this state that where a defendant makes a general appearance by the filing of an answer, demurrer, or certain motions, he submits himself to the jurisdiction of the court irrespective of an attempt in the pleading to disclaim such submission or limit the appearance. (See, e.g., *In re Clarke* (1899) 125 Cal. 388, 392 [58 P. 22]; *Roberts* v. *Superior Court* (1916) 30 Cal.App. 714, 720 [159 P. 465]; *Cal. Prune etc. Assn.* v. *H. R. Nicholson Co.* (1945) 69 Cal.App.2d 207, 225 [158 P.2d 764]; *Guardianship of Lee* (1954) 123 Cal.App.2d 882, 888 [267 P.2d 847]; *Berard Construction Co.* v. *Municipal Court* (1975) 49 Cal.App.3d 710, 715 [122 Cal.Rptr. 825]; 4 Cal.L.Rev.

327; see Annot. 93 A.L.R. 1310-1311 as supplemented in 62 A.L.R.2d 950-951.)[1]

Neihaus further argues that the answer filed by his counsel was unauthorized by him and was filed upon the authority of his insurance carrier to protect its own interests. We cannot accept this argument in the absence of any factual record to substantiate it. The courts have indeed held that where the only basis of jurisdiction of the person in a particular case is appearance, a purported appearance by an unauthorized attorney cannot confer such jurisdiction. (See 1 Witkin, *op. cit. supra*, § 121, p. 650.) However, the question of whether or not an attorney is authorized to appear is a question of fact to be tried by a fact-finder, not by an appellate court on a petition for a writ. (See *Raynum* v. *Wallace* (1938) 28 Cal.App.2d 136, 138 [82 P.2d 74].) The appropriate remedy for a party in a case of unauthorized representation or acts by his counsel is a motion to the trial court to withdraw the appearance, in which the facts can be determined. (See *Wilson* v. *Barry* (1951) 102 Cal.App.2d 778, 780 [228 P.2d 331].) In the proceeding now before us we must presume that Neihaus' counsel had authority to appear generally on his behalf. (*Ibid.*; *Hayes* v. *Shattuck* (1862) 21 Cal. 51, 54; *Pacific Paving Co.* v. *Vizelich* (1903) 141 Cal. 4, 8-9 [74 P. 352].)

The trial court did not err in denying Neihaus' final motion to quash, since he was subject to the in personam jurisdiction of the court.

The petition for a peremptory writ of mandate and/or prohibition is denied. The temporary stay of proceedings issued by this court on January 6, 1977, is dissolved and the order to show cause is discharged.

Paras, J., and Reynoso, J., concurred.

---

[1]A statutory procedure for avoiding this result is contained in Code of Civil Procedure section 418.10, but Neihaus failed to avail himself of it. That section allows appellate review of a trial court's ruling on a motion to quash summons for lack of jurisdiction, accompanied by an automatic extension of time within which to plead; *but* a petition for writ of mandate for this purpose must be filed by the defendant *before* any pleading is filed. Having delayed a petition for writ of mandate until after his answer, Neihaus has foreclosed application of section 418.10. (See 1 Witkin, *op. cit. supra*, § 132, pp. 660-661.)