[Civ. No. 40850. First Dist., Div. One. Mar. 15, 1978.]

MILOS TERZICH, Plaintiff and Appellant, v.
WALTER H. MEDAK, Defendant and Respondent.

**COUNSEL**

Milos Terzich, in pro. per., for Plaintiff and Appellant.

Walter H. Medak, in pro. per., for Defendant and Respondent.

**OPINION**

**CALDWELL, J.\***—This is an appeal from an order of the Superior Court of Contra Costa County which granted defendant's motion to vacate a clerk's judgment for plaintiff based upon a Nevada judgment.

*Assigned by the Chairperson of the Judicial Council.

Plaintiff and defendant are both attorneys. Defendant, who was unable to attend a court hearing in Minden, Nevada, on behalf of a client, · requested plaintiff to make the appearance and personally guaranteed plaintiff's fee. Plaintiff made the appearance and subsequently sent defendant a bill for $401.34. On May 18, 1976, approximately five weeks later, plaintiff filed a complaint against defendant for this sum in a Nevada trial court. Defendant was personally served on that day when he was in the corridor of the Minden, ·Nevada, courthouse prior to a court proceeding on behalf of his client.

Defendant filed a notice of motion to quash service of summons and to dismiss plaintiff's complaint for lack of jurisdiction over defendant's person on the ground that defendant had immunity from service of process while attending court. The Nevada trial court denied the motion. Defendant thereupon filed an answer denying all allegations of the complaint, and the matter was tried on July 27, 1976, at which time, defendant alleges, he again objected to the court's jurisdiction on the grounds stated in the prior motion. On August 19, 1976, the Nevada court filed a judgment for $401.34, together with interest, costs of $40, and $250 attorney's fee.

It does not appear that defendant took any further steps in Nevada for relief against the rulings of the trial court, nor is there any contention to such effect. In Nevada notice of appeal must be filed within 30 days (2 Nev. Rules of Civ. Proc., rule 4(a); Nev. Rev. Stats. 1973), and we must assume that the judgment is now final.

In August 1976 plaintiff filed an application in the Superior Court of Contra Costa County, California, for entry of a judgment "based on a sister state judgment," pursuant to sections 1710.15 et seq. of the California Code of Civil Procedure newly enacted in 1974.[1] The clerk of that court entered a judgment for plaintiff against defendant in the sum of $701.34, based on the Nevada judgment. Defendant responded by filing a notice of motion to vacate the clerk's judgment on the ground

---

[1]Section 1710.15, subdivision (a), of the Code of Civil Procedure provides: "(a) A judgment creditor may apply for the entry of a judgment based on a sister state judgment by filing an application with the superior court for the county designated by Section 1710.20."

Section 1710.25 of the Code of Civil Procedure provides: "Upon the filing of the application, the clerk shall enter a judgment based upon the application for the amount shown therein to be remaining unpaid under the sister state judgment. Entry shall be made in the same manner as entry of a judgment of the superior court."

that the Nevada trial court had acted without jurisdiction over the defendant.[2] After a hearing the superior court granted defendant's motion to vacate the clerk's judgment, and it is from this order that plaintiff has appealed.

It should be noted as a preliminary matter that the parties are in disagreement over which laws govern as to whether there was personal jurisdiction over defendant in the Nevada action, plaintiff asserting that the laws of Nevada are controlling and defendant asserting that California law is applicable. We need not resolve this question, however, because we have concluded that under the rules prevailing in both states defendant has not presented a valid defense to the Nevada judgment and that the superior court erred in vacating the clerk's judgment based thereon.

Insofar as concerns California law, section 1014 of the Code of Civil Procedure provides in part: "A defendant appears in an action when he answers, demurs, files a notice of motion to strike, files a notice of motion to transfer pursuant to Section 396f, gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him. After appearance, a defendant or his attorney is entitled to notice of all subsequent proceedings of which notice is required to be given. . . ."

■ Such an appearance is general; it confers jurisdiction on the court where none existed before; and it waives irregularities in the service of process. (*McCorkle* v. *City of Los Angeles* (1969) 70 Cal.2d 252, 257-258 [74 Cal.Rptr. 389, 449 P.2d 453]; *Neihaus* v. *Superior Court* (1977) 69 Cal.App.3d 340, 345-346 [137 Cal.Rptr. 905]; see 1 Witkin, Cal. Procedure (2d ed. 1970) pp. 646-647, 651-652, 656, 657-659, 662.) As pointed out in these authorities, the court acquires jurisdiction even though the appearance was preceded by the making and denial of a motion to quash and even though it was accompanied by an attempt to disclaim submission to jurisdiction.

---

[2]Section 1710.40 of the Code of Civil Procedure provides:

"(a) A judgment entered pursuant to this chapter may be vacated on any ground which would be a defense to an action in this state on the sister state judgment.

"(b) Not later than 30 days after service of notice of entry of judgment pursuant to Section 1710.30, proof of which has been made in the manner provided by Article 5 (commencing with Section 417.10) of Chapter 4 of Title 5 of Part 2, the judgment debtor, on written notice to the judgment creditor, may make a motion to vacate the Judgment under this section."

Section 1713.4, subdivision (a)(2), provides: "(a) A foreign judgment is not conclusive if . . ..(2) The foreign court did not have personal jurisdiction over the defendant; . . ."

■ Recent decisions in Nevada show that jurisdiction may be conferred upon a Nevada trial court in absence of a valid service of process at an even earlier stage of the proceedings than those set forth in section 1014 of the Code of Civil Procedure quoted above. Although the making of a motion to quash service does not, without more, waive the jurisdictional objection, it was held in *Consolidated Casinos* v. *L. A. Caunter & Co.* (1973) 89 Nev. 501, 504-506 [515 P.2d 1025], and in *Selznick* v. *District Court* (1960) 76 Nev. 386, 388 [355 P.2d 854], that a request to dismiss an action made together with a motion to quash, and upon the same grounds, constituted a request for relief in addition to quashing and amounted to a general appearance.

It follows from what we have said that the steps taken by defendant in the Nevada trial court of requesting a dismissal of the action, filing an answer denying all the allegations of the complaint, and permitting the matter to proceed to trial resulted in conferring jurisdiction upon that court whether we apply California or Nevada law. No adequate defense has been established, and the Nevada judgment is res judicata as to all issues litigated there, including defendant's claim of immunity from service of process.

The judgment of the superior court is reversed with directions to reinstate the clerk's judgment entered in favor of plaintiff on the basis of the Nevada judgment.

Racanelli, P. J., and Elkington, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 11, 1978.